(August 26, 2003)

■ VICKI J. EDWARDS, Appellant, v JOHN N. POULMENTIS, Respondent. [763 NYS2d 677] —In an action, inter alia, for specific performance of a matrimonial settlement agreement, the plaintiff appeals from an order of the Supreme Court, Suffolk County (McNulty, J.), dated June 3, 2002, which denied her motion, inter alia, to compel the defendant to participate in mediation on the issue of where the parties' oldest daughter should attend high school, granted the defendant's cross motion to dismiss the complaint, and dismissed the complaint.

Ordered that the order is modified, on the law, by (1) deleting the provision thereof denying that branch of the motion which was to compel the defendant to participate in mediation on the issue of where the parties' oldest daughter should attend high school and substituting therefor a provision granting that branch of the motion, (2) deleting the provision thereof granting that branch of the cross motion which was to dismiss so much of the complaint as seeks specific performance of the mediation provision of the matrimonial settlement agreement and other relief relating to the education of the children and substituting therefor a provision denying that branch of the cross motion, and (3) deleting the provision thereof dismissing the aforementioned portion of the complaint; as so modified, the order is affirmed, with costs to the plaintiff, and the parties are directed to proceed to mediation in accordance with the terms of the matrimonial settlement agreement within five business days after service upon the defendant of a copy of this decision and order.

The parties entered into a matrimonial settlement agreement (hereinafter the agreement) dated August 20, 1998. Thereafter, the parties were divorced pursuant to a judgment dated December 11, 1998. The agreement was incorporated by reference into, but not merged within, the judgment of divorce.

Paragraph 3 (a) of the agreement provided, inter alia, that "[f]rom the ninth (9th) grade through the twelfth (12th) grade, it is anticipated that the children will be attending Mercy High School, Riverhead, New York unless the parties agree upon another parochial or private school or a public school which is

mutually acceptable." Further, paragraph 7 (a) of the agreement provided, inter alia, that "[t]he parties shall consult and agree with each other with respect to the children's education * * * health, welfare and other matters of similar importance affecting the children * * * In the event the parties are unable to agree on any such issue, same shall be mediated by the party most closely in expertise to the disagreement between the parties."

In January 2002 the parties became involved in a dispute over their 13-year-old daughter's education. The daughter indicated that she preferred to attend Mattituck High School (hereinafter Mattituck), a public school, rather than Mercy High School (hereinafter Mercy), a private parochial school. Although the plaintiff mother supported the daughter's desire to attend Mattituck, the defendant father maintained that the daughter was required to attend Mercy.

The plaintiff sought to resolve the disagreement through mediation, and the defendant refused to participate. Thereafter, the plaintiff commenced this action for, among other things, specific performance of the mediation provision in the agreement, and moved, inter alia, to compel the defendant to participate in mediation on the issue of where the parties' oldest daughter should attend high school. The defendant cross-moved to dismiss the complaint. The Supreme Court denied the motion, granted the cross motion, and dismissed the complaint. The Supreme Court concluded that the agreement was clear and unambiguous, and provided that the children shall attend Mercy.

A matrimonial settlement is a contract subject to principles of contract interpretation (see Girardin v Girardin, 281 AD2d 457 [2001]). The question of whether a writing is ambiguous is a question of law to be resolved by the courts (see W.W.W. Assoc. v Giancontieri, 77 NY2d 157, 162 [1990]). Where the provisions of a contract are clear and unambiguous and the intent of the parties can be gleaned from the four corners of the document, a court should interpret the contract in accordance with its plain and ordinary meaning (see Girardin v Girardin, supra). Further, extrinsic evidence is inadmissible to vary the clear and unambiguous terms of the contract (see W.W.W. Assoc. v Giancontieri, supra).

Contrary to the defendant's contention, the settlement agreement did not contain a provision that the children were required to attend Mercy. Rather, the agreement provided that the parties anticipated that the children would attend Mercy unless the parties agreed to another private or parochial school

or a public school which was mutually acceptable. It further expressly provided that the parties would resolve any educational dispute through mediation. Accordingly, the plaintiff is entitled to an order directing the defendant to attend mediation on this issue.

The parties' remaining contentions either are without merit or need not be reached in light of our determination. Altman, J.P., Florio, Friedmann and H. Miller, JJ., concur.