■ KATHY ANN BECK, Respondent, v LEWIS READE BECK, Appellant. [852 NYS2d 267]—

In a matrimonial action in which the parties were divorced by judgment dated August 28, 2001, the defendant former husband appeals from an order of the Supreme Court, Orange County

(McGuirk, J.), dated June 21, 2006, which, inter alia, granted the motion of the plaintiff former wife, which was, in effect, to enforce the provision of the parties' judgment of divorce concerning the distribution of his military benefits.

Ordered that the order is affirmed, with costs.

"[W]hen interpreting a contract, the court should arrive at a construction which will give fair meaning to all of the language employed by the parties to reach a practical interpretation of the expressions of the parties so that their reasonable expectations will be realized" (*Fetner v Fetner*, 293 AD2d 645, 645-646 [2002], quoting *Joseph v Creek & Pines*, 217 AD2d 534, 535 [1995]). Here, such construction requires that the agreement be read as evincing the parties' intention to have the plaintiff receive her share of any benefits received by the defendant as a result of his military service. The defendant's argument to the contrary finds no support in the language of the parties' settlement agreement.

The defendant's remaining contentions are without merit. Spolzino, J.P., Skelos, Florio and Dickerson, JJ., concur.