■ FREDERICA HERZFELD, Respondent, v WILLIAM HERZFELD, Appellant. [857 NYS2d 169]—

In a matrimonial action in which the parties were divorced by judgment entered May 8, 1995, the defendant appeals from an order of the Supreme Court, Nassau County (Stack, J.), dated May 15, 2007, which denied his motion, inter alia, to enforce a provision of the parties' stipulation of settlement, which was incorporated but not merged into the judgment of divorce, regarding payment of the children's college expenses.

Ordered that the order is affirmed, with costs.

"A matrimonial settlement is a contract subject to principles of contract interpretation . . . [and] a court should interpret the contract in accordance with its plain and ordinary meaning" (*Edwards v Poulmentis,* 307 AD2d 1051, 1052 [2003]; *see Girardin v Girardin,* 281 AD2d 457 [2001]). "[W]hen interpreting a contract, the court should arrive at a construction which will give fair meaning to all of the language employed by the parties to reach a practical interpretation of the expressions of the parties so that their reasonable expectations will be realized" (*Fetner v Fetner,* 293 AD2d 645, 645-646 [2002] [internal quotation marks and citations omitted]). Where such an agree-

ment is clear and unambiguous on its face, the parties' intent must be construed from the four corners of the agreement, and not from extrinsic evidence (*see Matter of Meccico v Meccico,* 76 NY2d 822 [1990]; *Clark v Clark,* 33 AD3d 836, 837 [2006]; *Matter of Jenkins v Jenkins,* 260 AD2d 380 [1999]; *Matter of Scalabrini v Scalabrini,* 242 AD2d 725 [1997]). Here, the stipulation of settlement does not require the plaintiff to pay any of the college expenses of the parties' unemancipated children. The defendant's argument to the contrary is not supported by the language of the parties' stipulation.

The defendant's remaining contentions are without merit. Mastro, J.P., Ritter, Carni and McCarthy, JJ., concur.