KAREN HYLAND, Appellant, v STEVEN P. HYLAND, Respondent. [882 NYS2d 276]—

In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (MacKenzie, J.), dated September 16, 2008, as denied those branches of her motion which were for a money judgment for unpaid real estate taxes in the sum of $4,555.57, and for an award of an attorney's fee.

Ordered that the order is affirmed insofar as appealed from, with costs.

On June 24, 2008 the plaintiff wife and the defendant husband entered into a written agreement settling the disputed issues in their pending divorce action. The settlement agreement acknowledged that the husband had previously transferred ownership of the marital residence to the wife, and provided that she would "be responsible for all carrying charges from the date of this agreement forward." The husband represented that he was not delinquent in any payment obligations due under a July 2006 pendente lite order, and that he would pay the wife the amount necessary to cover his obligations through July 1, 2008.

Two days after signing the agreement, the husband sent the wife a check in payment of all expenses owed to her through July 1, 2008, including a prorated share of the real estate taxes due on the marital residence for the second half of 2008. Shortly thereafter, the wife moved, inter alia, for a money judgment in the sum of $4,555.57, contending that since payment of real estate taxes for the entire second half of 2008 had been due on May 31, 2008, the husband had breached the agreement by paying her only a prorated share of the entire sum due. The Supreme Court denied that branch of the wife's motion which was for a money judgment, concluding that it would be contrary to the terms of the parties' settlement to hold the husband responsible for the prepayment of taxes for the entire second half of 2008. We agree.

A settlement agreement in a matrimonial action is a contract subject to principles of contract interpretation (*see Matter of Meccico v Meccico*, 76 NY2d 822, 823-824 [1990]; *DeWitt v DeWitt*, 62 AD3d 744 [2009]; *Herzfeld v Herzfeld*, 50 AD3d 851 [2008]; *Awerman v Awerman*, 36 AD3d 842, 843 [2007]; *Edwards v Poulmentis*, 307 AD2d 1051, 1052 [2003]). In interpreting such an agreement, "the court should arrive at a construction which will give fair meaning to all of the language employed by the parties to reach a practical interpretation of the expressions of the parties so that their reasonable expectations will be realized" (*Joseph v Creek & Pines*, 217 AD2d 534, 535 [1995]; *see Herzfeld v Herzfeld*, 50 AD3d 851 [2008]; *Beck v Beck*, 48

AD3d 494 [2008]; *Fetner v Fetner*, 293 AD2d 645, 645-646 [2002]). Giving such a construction to the subject agreement, it is clear that the reasonable expectation of the parties was that the husband's obligation to pay the real estate taxes for the marital premises as required by the pendente lite order would continue only through July 1, 2008, and that the wife would thereafter be responsible for such payment. Accordingly, the Supreme Court properly rejected the wife's contention that the husband was required to pay real estate taxes for the entire second half of 2008 because a bill for prepayment had been issued before the parties executed their agreement.

In light of our determination, the wife's contention that she is entitled to an award of an attorney's fee pursuant to the agreement because the husband defaulted on his obligation to pay real estate taxes is without merit. Mastro, J.P., Fisher, Eng and Hall, JJ., concur.