■ SUSAN RAUSO, Respondent, v RAYMOND RAUSO, Appellant.
[902 NYS2d 573]—

In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Martin, J.), dated September 30, 2008, as denied those branches of his motion which were for an award of a pendente lite attorney's fee and for leave to amend his counterclaim.

Ordered that the order is affirmed insofar as appealed from, with costs.

A postnuptial agreement which " 'is fair on its face will be enforced according to its terms unless there is proof of fraud, duress, overreaching, or unconscionability' " (*Schultz v Schultz*, 58 AD3d 616, 616 [2009]), bearing in mind that an agreement is not unconscionable " 'merely because, in retrospect, some of its provisions were improvident or one-sided' " (*id.*, quoting *O'Lear v O'Lear*, 235 AD2d 466 [1997]). Likewise, a marital settlement is a "contract subject to principles of contract interpretation [and] a court should interpret the contract in accordance with its plain and ordinary meaning" (*Herzfeld v Herzfeld*, 50 AD3d 851, 851 [2008] [internal quotation marks omitted]; *see Matter of Cricenti v Cricenti*, 60 AD3d 1052, 1053 [2009]). Where the agreement is "clear and unambiguous on its face, the parties' intent must be construed from the four corners of the agreement, and not from extrinsic evidence" (*Herzfeld v Herzfeld*, 50 AD3d at 852).

Here, in both the parties' postnuptial and separation agreements, the husband waived any right to an interest in the parties' marital home. Reading the agreements "as a whole to determine the parties' intent," it is plain that the parties' reasonable expectation would have been that, upon execution of the postnuptial agreement, the husband would have no claim whatsoever on the marital home (*DelDuca v DelDuca*, 304 AD2d 610, 611 [2003]; *see Van Kipnis v Van Kipnis*, 11 NY3d 573, 577 [2008]; *Herzfeld v Herzfeld*, 50 AD3d at 851). Likewise, there is no evidence that the husband's acquiescence to either agreement's terms was improperly obtained. Accordingly, the Supreme Court properly denied that branch of the husband's motion which was for leave to amend his counterclaim to assert a cause of action to impose a constructive trust on the marital home.

Likewise, in the parties' separation agreement, the husband waived any right he might otherwise have had to an award of a pendente lite attorney's fee. Accordingly, the Supreme Court properly denied that branch of his motion which was for such

an award (*see Etzion v Etzion,* 62 AD3d 646, 653 [2009]; *Valente v Valente,* 269 AD2d 389, 389-390 [2000]; *Clanton v Clanton,* 189 AD2d 849, 850 [1993]). Skelos, J.P., Balkin, Belen and Sgroi, JJ., concur.