■ RANDOLPH P. DiLORENZO, Appellant, v CELESTE DiLORENZO, Respondent. [912 NYS2d 291]—

In a matrimonial action in which the parties were divorced by judgment dated August 14, 2006, which incorporated, but did not merge, the terms of the parties' stipulation of settlement dated April 5, 2006, the plaintiff appeals, as limited by his brief, from (1) so much of an order of the Supreme Court, Suffolk County (McNulty, J.), dated June 22, 2009, as denied that branch of his motion which for an award of child support, and (2) so much of an order of the same court dated September 21, 2009, as, upon reargument, adhered to so much of the original determination in the order dated June 22, 2009, as denied that branch of his motion which was for an award of child support.

Ordered that the appeal from the order dated June 22, 2009, is dismissed, as that order was superseded by the order dated September 21, 2009, made upon reargument; and it is further,

Ordered that the order dated September 21, 2009, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant.

A stipulation of settlement which is incorporated but not merged into a judgment of divorce " 'is a contract subject to principles of contract interpretation . . . [and] a court should interpret the contract in accordance with its plain and ordinary meaning' " (*Herzfeld v Herzfeld*, 50 AD3d 851, 851 [2008], quoting *Edwards v Poulmentis*, 307 AD2d 1051, 1052 [2003]; *see Colucci v Colucci*, 54 AD3d 710 [2008]). Here, contrary to the plaintiff's contention, the Supreme Court correctly interpreted the parties' stipulation of settlement as providing that the plaintiff could seek child support from the defendant only in the event that all three of the parties' children came to reside with him. Accordingly, as only one of the parties' children is now residing with the plaintiff, the Supreme Court properly denied that branch of his motion which was for an award of child support. Skelos, J.P., Covello, Balkin and Sgroi, JJ., concur.