■ In the Matter of ALAN MOSS, Appellant, v FAYE MOSS, Respondent. [937 NYS2d 270]—

The father sought to modify his support obligation with regard to the parties' younger daughter. The subject child, who has developmental disabilities, had been placed in a facility which provided both educational and therapeutic services. The father contended that this was a permanent placement and that, pursuant to the parties' separation agreement, which was incorporated but not merged into the judgment of divorce, the placement was a "termination event" with respect to his child support obligation for that child.

Following a hearing, the Support Magistrate concluded that the facility was, in essence, a boarding school, albeit with a therapeutic component, and that, as such, it fell within one of the exceptions listed in the separation agreement. Accordingly, the Support Magistrate issued an order, inter alia, dismissing the father's modification petition. The father filed objections to so much of the order as dismissed his petition, and the Family Court denied the objections. The father appeals, and we affirm.

A separation agreement or stipulation of settlement which is incorporated but not merged into a judgment of divorce is a contract, the terms of which are binding on the parties (see *Matter of Gravlin v Ruppert*, 98 NY2d 1, 5 [2002]; *Matter of Boden v Boden*, 42 NY2d 210, 212 [1977]; *Rauso v Rauso*, 73 AD3d 888, 889 [2010]; *Friedman v Friedman*, 65 AD3d 1081, 1082 [2009]; *Hyland v Hyland*, 63 AD3d 1106, 1107 [2009]; *Matter of Mason v Papol*, 63 AD3d 942 [2009]; *Micciche v Micciche*, 62 AD3d 673 [2009]; *Herzfeld v Herzfeld*, 50 AD3d 851

[2008]; *Clark v Clark*, 33 AD3d 836, 837 [2006]; *Sherman v Sherman*, 28 AD3d 738 [2006]; *Cohen-Davidson v Davidson*, 291 AD2d 474, 475 [2002]). In interpreting a marital contract, a court should construe it in such a way as to "give fair meaning to all of the language employed by the parties to reach a practical interpretation of the expressions of the parties so that their reasonable expectations will be realized" (*Hyland v Hyland*, 63 AD3d at 1107 [citations and internal quotation marks omitted]; *see Rauso v Rauso*, 73 AD3d at 889; *Herzfeld v Herzfeld*, 50 AD3d at 851).

Here, the parties' separation agreement provided that the father's child support obligation would terminate if "[a] child ceases to permanently reside with the . . . 'custodial parent,'" but stated that "[r]esidence away from the Mother's home, which a child maintains in conjunction with his or her . . . residence at boarding school . . . shall not terminate the child support obligations established in this paragraph." The Support Magistrate's determination that the subject facility was, in essence, a boarding school and, thus, the father had a continuing support obligation was amply supported by the record before her. Accordingly, the father did not carry his burden of demonstrating that the child had permanently ceased to reside with the mother (*see generally Kordes v Kordes*, 70 AD3d 782, 783 [2010]; *Matter of Dewitt v Giampietro*, 66 AD3d 773, 774 [2009]; *Henry v Henry*, 272 AD2d 520, 521 [2000]). Moreover, notwithstanding the terms of the parties' separation agreement, the Family Court would have retained the power to set the father's support obligation in the child's best interest (*see Matter of Gravlin v Ruppert*, 98 NY2d at 5; *Matter of Commissioner of Social Servs. v Segarra*, 78 NY2d 220, 223 [1991]; *Matter of Duggan v Duggan*, 83 AD3d 703, 704 [2011]; *Linda R. v Ari Z.*, 71 AD3d 465, 466 [2010]; *see also Matter of Dutchess County Dept. of Social Servs. v Day*, 96 NY2d 149, 155 [2001]; *Matter of Modica v Thompson*, 300 AD2d 662, 662-663 [2002]; *Aregano v Aregano*, 289 AD2d 1081 [2001]). Accordingly, the Family Court properly denied the father's objections.

The father's remaining contentions are without merit (*see Matter of Gravlin v Ruppert*, 98 NY2d at 5; *Matter of Graby v Graby*, 87 NY2d 605, 607 [1996]; *Matter of Duggan v Duggan*, 83 AD3d at 704; *Linda R. v Ari Z.*, 71 AD3d at 466; *Luongo v Luongo*, 50 AD3d 858, 859 [2008]; *Matter of Weymouth v Mullin*, 42 AD3d 681 [2007]; *Matter of Wrighton v Wrighton*, 23 AD3d 669, 670 [2005]; *Matter of Pinto v Putnam County Support Collection Unit*, 295 AD2d 350, 352 [2002]). Rivera, J.P., Roman, Sgroi and Cohen, JJ., concur.