■ ANTONY JOHN AMBROSE, Appellant, v ANITA MARY AMBROSE, Respondent. [941 NYS2d 168]—

In a matrimonial action in which the parties were divorced by judgment entered January 6, 2010, the plaintiff former husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Schaffer, Ref.), dated October 7, 2010, as, after a hearing, granted those branches of the defendant former wife's motion which were (1), in effect, to enforce certain provisions of the parties' stipulation of settlement dated October 18, 2009, which was incorporated but not merged into the judgment of divorce, so as to direct him to pay the sum of $3,915.71 for the defendant's lost wages and $45 for court filing fees, and (2) to direct him to pay the sum of $58.30 for certain hearing transcripts.

Ordered that the order is modified, on the law, by deleting the provision thereof granting those branches of the defendant's motion which were, in effect, to enforce certain provisions of the parties' stipulation of settlement so as to direct the plaintiff to pay the sum of $3,915.71 for lost wages and $45 for court fil-

ing fees and substituting therefor a provision denying that branch of the defendant's motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

"The terms of a stipulation of settlement . . . incorporated but not merged into a judgment of divorce operate as contractual obligations binding on the parties" (*Martin v Martin*, 80 AD3d 579, 580 [2011]; *see Matter of Moss v Moss*, 91 AD3d 783, 783 [2012]). Where the agreement is clear and unambiguous on its face, the intent of the parties must be construed from the four corners of the document (*see Matter of Meccico v Meccico*, 76 NY2d 822, 824 [1990]; *Herzfeld v Herzfeld*, 50 AD3d 851, 851-852 [2008]; *Edwards v Poulmentis*, 307 AD2d 1051, 1052 [2003]).

Here, the parties' stipulation of settlement, which was incorporated but not merged into the judgment of divorce, requires the plaintiff former husband to pay 70% of the child care expenses. However, the stipulation does not require the plaintiff to reimburse the defendant former wife for her lost wages incurred in caring for the children. Accordingly, the Supreme Court erred in granting those branches of the defendant's motion which were, in effect, to enforce certain provisions of the parties' stipulation of settlement so as to direct the plaintiff to pay the sum of $3,915.71 for lost wages and $45 for court filing fees incurred in attempting to recover those wages (*see Herzfeld v Herzfeld*, 50 AD3d at 851-852; *Rich v Rich*, 234 AD2d 354, 355 [1996]; *Verasco v Verasco*, 225 AD2d 616 [1996]).

However, the Supreme Court correctly granted that branch of the defendant's motion which was to direct the plaintiff to pay the sum of $58.30 for the cost of the July 22, 2010, hearing transcripts. The plaintiff acknowledged on the record that he had agreed to pay for those transcripts. Dillon, J.P., Florio, Austin and Roman, JJ., concur.