■ In the Matter of AMOS KATZ, Appellant, v HAZEL DOTAN, Respondent. [945 NYS2d 404]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Nassau County (Kent, J.), dated March 11, 2011, which denied his objections to an order of the same court (Cahn, S.M.), dated

January 11, 2011, which, after a hearing, in effect, denied his petition for a downward modification of his child support obligation.

Ordered that the order dated March 11, 2011, is affirmed, without costs or disbursements.

The parties' stipulation of settlement required the father to pay the sum of $300 per week in child support for the couple's two children, Brooke and Caroline, "until the emancipation of Brooke and Caroline." Shortly after the older child reached 21 years of age, the father filed a petition seeking to terminate his support obligation as to that child, and for a credit of 50% for all child support "charged" after that child's college graduation, on the ground that the older child was emancipated.

At a hearing, the Support Magistrate interpreted the stipulation as terminating the father's support obligation only upon both children becoming emancipated, which had not occurred. After the hearing, the Support Magistrate issued an order, in effect, denying the father's petition. In an order dated March 11, 2011, the Family Court denied the father's objections to the Support Magistrate's order. The father appeals, and we affirm.

"A separation agreement or stipulation of settlement which is incorporated but not merged into a judgment of divorce is a contract, the terms of which are binding on the parties" (*Matter of Moss v Moss*, 91 AD3d 783, 783 [2012]; *see Matter of Cricenti v Cricenti*, 60 AD3d 1052, 1053 [2009]). "When interpreting a contract, such as a separation agreement, the court should arrive at a construction that will give fair meaning to all of the language employed by the parties to reach a practical interpretation of the expressions of the parties so that their reasonable expectations will be realized" (*Matter of Duggan v Duggan*, 83 AD3d 703, 704 [2011], quoting *Matter of Schiano v Hirsch*, 22 AD3d 502, 502 [2005]; *see Matter of Moss v Moss*, 91 AD3d at 784; *Matter of Brink v Brink*, 55 AD3d 601, 602 [2008]; *Winski v Kane*, 33 AD3d 697, 698 [2006]).

"Stipulations and separation agreements that provide for an unallocated child support payment may only be reduced or terminated on conditions that are expressly provided for in the stipulation or agreement" (*Matter of Winokur v Winokur*, 31 AD3d 653, 654 [2006]). Noticeably absent from the stipulation in this case is any express provision allowing the father to reduce his support payments as each child becomes emancipated. Thus, "it must be concluded that the emancipation of an individual child has no bearing on the petitioner's support obligation" (*id.*).

Accordingly, the Family Court properly denied the father's

objections to the Support Magistrate's order. Rivera, J.P., Belen, Chambers and Lott, JJ., concur.