In a probate proceeding in which Elaine Berlin, now known as Rayne Sassower, petitioned pursuant to SCRA 1809 to *798 determine the validity of a claim against the estate of Stephen Berlin, the petitioner appeals from an order of the Surrogate’s Court, Nassau County (McCarty III, S.), dated October 18, 2011, which granted the respondents’ motion for summary judgment dismissing the petition.
Ordered that the order is affirmed, with costs payable by the appellant personally.
The decedent’s former wife (hereinafter the petitioner) petitioned pursuant to SCPA 1809 to determine the validity of a claim she filed against the decedent’s estate for damages allegedly resulting from the decedent’s breach of a stipulation of settlement in the parties’ judgment of divorce, which, inter alia, required the decedent to cooperate with the petitioner in obtaining an insurance policy on the decedent’s life.
The terms of a separation agreement or stipulation of settlement incorporated but not merged into a judgment of divorce operate as contractual obligations which are binding on the parties (see Matter of Gravlin v Ruppert, 98 NY2d 1, 5 [2002]; Matter of Katz v Dotan, 95 AD3d 1328 [2012]; Matter of Moss v Moss, 91 AD3d 783 [2012]). In interpreting such an agreement, “ ‘the court should arrive at a construction that will give fair meaning to all of the language employed by the parties to reach a practical interpretation of the expressions of the parties so that their reasonable expectations will be realized’ ” (Matter of Katz v Dotan, 95 AD3d at 1329, quoting Matter of Duggan v Duggan, 83 AD3d 703, 704 [2011]; see Herzfeld v Herzfeld, 50 AD3d 851 [2008]; Matter of Schiano v Hirsch, 22 AD3d 502 [2005]).
Here, pursuant to the stipulation of settlement, which was incorporated but not merged into the judgment of divorce, the decedent agreed “to cooperate to permit the [petitioner] to obtain a term policy of life insurance upon his life in the face amount of $250,000 which policy shall be at the [petitioner’s] sole cost and expense.” In giving fair meaning to the language employed by the parties, the Surrogate’s Court properly determined that it was the petitioner’s obligation to take the initial steps to obtain the insurance policy on the decedent’s life, and that in order to establish the decedent’s noncooperation, the petitioner was required to show more than the decedent’s inaction.
The respondents submitted evidence sufficient to establish their prima facie entitlement to judgment as a matter of law by demonstrating that the decedent did not refuse to cooperate to permit the petitioner to obtain an insurance policy on his life. In opposition, the petitioner failed to raise a triable issue of fact *799 (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). Accordingly, the Surrogate’s Court properly granted the respondents’ motion for summary judgment dismissing the petition. Rivera, J.E, Hall, Roman and Miller, JJ., concur.