■ HAMID KHORSHAD, Appellant, v VIDA KHORSHAD, Respondent. [994 NYS2d 638]—

In a matrimonial action in which the parties were divorced by judgment entered November 13, 2012, the plaintiff appeals from an order of the Supreme Court, Nassau County (Maron, J.), dated April 30, 2013, which granted the defendant's motion, in effect, to enforce certain provisions of the parties' stipulation of settlement dated March 13, 2012, which was incorporated but not merged into the judgment of divorce, so as to direct the plaintiff's attorney to pay from an escrow account the sum of $75,400 for the defendant's capital gains tax obligations with respect to the sale of the former marital residence.

Ordered that the order is affirmed, with costs.

"The terms of a stipulation of settlement that is incorporated but not merged into a judgment of divorce operate as contractual obligations binding on the parties" (*Martin v Martin*, 80 AD3d 579, 580 [2011]; *see Ambrose v Ambrose*, 93 AD3d 744, 745 [2012]; *Matter of Moss v Moss*, 91 AD3d 783, 783 [2012]). "In interpreting a marital contract, a court should construe it in such a way as to 'give fair meaning to all of the language employed by the parties to reach a practical interpretation of the expressions of the parties so that their reasonable expectations will be realized' " (*Matter of Moss v Moss*, 91 AD3d at 784, quoting *Hyland v Hyland*, 63 AD3d 1106, 1107 [2009]). "Where such an agreement is clear and unambiguous on its face, the parties' intent must be construed from the four corners of the agreement, and not from extrinsic evidence" (*Herzfeld v Herzfeld*, 50 AD3d 851, 851-852 [2008]; *see Matter of Meccico v Meccico*, 76 NY2d 822, 824 [1990]; *Ambrose v Ambrose*, 93 AD3d at 745; *Clark v Clark*, 33 AD3d 836, 837 [2006]).

Here, the parties' stipulation of settlement, which was incorporated but not merged into the judgment of divorce, calls for certain funds from the net proceeds of the sale of the former marital residence to be set aside and held in escrow "for the payment of capital gains tax in conjunction with the sale of the marital residence." As the Supreme Court properly concluded, this provision requires the plaintiff and his counsel to release funds from escrow in order to reimburse the defendant for the sums she expended toward her 2011 capital gains tax obligations. The plaintiff's argument to the contrary is not supported by the language of the stipulation of settlement.

The plaintiff's remaining contentions are either without merit or not properly before this Court. Skelos, J.P., Leventhal, Hinds-Radix and Maltese, JJ., concur.