■ In the Matter of KAREN PIZZUTO, Respondent, v DAVID PIZZUTO, Appellant. [12 NYS3d 149]—

Appeal from an order of the Family Court, Richmond County (Arnold Lim, J.), dated July 7, 2014. The order denied the father's objections to an order of that court (Janele Hyer-Spencer, S.M.), dated April 10, 2014, which granted the mother's petition for an upward modification of his child support obligation.

Ordered that the order dated July 7, 2014, is affirmed, with costs.

"A stipulation of settlement which is incorporated but not merged into a judgment of divorce is a contract subject to principles of contract construction and interpretation" (*Matter of Korosh v Korosh*, 99 AD3d 909, 910 [2012] [internal quota-

tion marks omitted]; *see Matter of Gravlin v Ruppert*, 98 NY2d 1, 5 [2002]; *Matter of Meccico v Meccico*, 76 NY2d 822, 823-824 [1990]; *Matter of Katz v Dotan*, 95 AD3d 1328 [2012]). In interpreting such an agreement, a court should "arrive at a construction that will give fair meaning to all of the language employed by the parties to reach a practical interpretation of the expressions of the parties so that their reasonable expectations will be realized" (*Matter of Katz v Dotan*, 95 AD3d at 1329 [internal quotation marks omitted]; *see Matter of Korosh v Korosh*, 99 AD3d at 910; *Hyland v Hyland*, 63 AD3d 1106, 1107 [2009]; *Rauso v Rauso*, 73 AD3d 888, 889 [2010]; *Herzfeld v Herzfeld*, 50 AD3d 851 [2008]).

Here, paragraph 4 of the parties' July 2010 stipulation of settlement provided that the father was obligated to pay spousal support until August 31, 2013, based upon the parties' agreement that the mother would remain a stay-at-home parent until the children were in school full time. Paragraph 5 of the parties' stipulation of settlement provided that "[a]s of September 1, 2013, either party may apply to have Child Support modified." The Support Magistrate, reading these two paragraphs together, concluded that the parties had agreed to waive a showing of a change in circumstances as to the mother's petition to modify support. Since the mother petitioned for modification on September 4, 2013, it was plain that her petition was in response to this change in the parties' obligations. Under these circumstances, the Support Magistrate reached "a practical interpretation of the expressions of the parties" consistent with what should have been their "reasonable expectations" (*Matter of Katz v Dotan*, 95 AD3d at 1329 [internal quotation marks omitted]), and the Family Court properly denied the father's objection claiming that the Support Magistrate improperly failed to require the mother to demonstrate a change in circumstances.

Since the father consented to the Support Magistrate's use of the parties' 2013 income tax returns as the basis for her support calculation, he waived his right to object to the use of that information instead of the mother's 2014 income tax return.

The father's remaining contention is not properly before this Court, as it was not raised in his objections to the Support Magistrate's order (*see Matter of Lorys v Powell*, 116 AD3d 1047, 1048 [2014]; *Matter of Feng Lucy Luo v Yang*, 89 AD3d 946, 947 [2011]). Dillon, J.P., Dickerson, Chambers and Barros, JJ., concur.