Appeal by the defendant and cross appeal by the plaintiff from a money judgment of the Supreme Court, Nassau County (Sharon M. J. Gianelli, J.), dated June 14, 2016. The money judgment, upon an order of that court dated March 21, 2016, is in favor of the plaintiff and against the defendant in the principal sum of $165,000.
 

 Ordered that on the Court’s own motion, the notices of appeal and cross appeal from the order dated March 21, 2016, are deemed to be premature notices of appeal and cross appeal from the money judgment (see CPLR 5520 [c]); and it is further,
 

 Ordered that the money judgment is affirmed, without costs or disbursements.
 

 The parties entered into a stipulation of settlement that was incorporated but not merged into a judgment of divorce. The plaintiff moved, pursuant to the stipulation of settlement, for an award in the sum of $165,000, representing her share of funds from a 401(k) account, with interest from June 27, 2012, and for an award of attorneys’ fees. In an order dated March 21, 2016, the Supreme Court, inter alia, granted that branch of the plaintiff’s motion which was for an award in the sum of $165,000, and denied those branches of her motion which were to award her interest from June 27, 2012, and for an award of attorneys’ fees. A money judgment, in favor of the plaintiff and against the defendant in the principal sum of $165,000, was entered thereafter. The defendant appeals, and the plaintiff cross-appeals. We affirm the money judgment.
 

 “A separation agreement or stipulation of settlement which is incorporated but not merged into a judgment of divorce is a contract, the terms of which are binding on the parties” (Matter of Moss v Moss, 91 AD3d 783, 783 [2012]; see Matter of Gravlin v Ruppert, 98 NY2d 1, 5 [2002]; Hyland v Hyland, 63 AD3d 1106, 1107 [2009]; Herzfeld v Herzfeld, 50 AD3d 851 [2008]). “In interpreting a marital contract, a court should construe it in such a way as to give fair meaning to all of the language employed by the parties to reach a practical interpretation of the expressions of the parties so that their reasonable expectations will be realized” (Matter of Moss v Moss, 91 AD3d at 784 [internal quotation marks omitted]; see Hyland v Hyland, 63 AD3d at 1107; Herzfeld v Herzfeld, 50 AD3d at 851). “Where such an agreement is clear and unambiguous on its face, the parties’ intent must be construed from the four corners of the agreement, and not from extrinsic evidence” (Herzfeld v Herzfeld, 50 AD3d at 851-852). Here, in light of the plain meaning of the language of the stipulation of settlement, the Supreme Court properly granted that branch of the plaintiff’s motion which was for an award in the sum of $165,000, representing her share of funds from a 401(k) account, and properly denied those branches of her motion which were to award her interest from June 27, 2012, and for an award of attorneys’ fees.
 

 The plaintiff’s remaining contention has been rendered academic in light of our determination.
 

 Leventhal, J.P., Barros, Brathwaite Nelson and Christopher, JJ., concur.