Matter of Cali v Cali (2018 NY Slip Op 07426)





Matter of Cali v Cali


2018 NY Slip Op 07426


Decided on November 7, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JEFFREY A. COHEN
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.


2018-02615
 (Docket No. F-6935-17/17A)

[*1]In the Matter of Amanda Cali, appellant, 
v
Vincent Cali II, respondent.


The Sallah Law Firm, P.C., Holtsville, NY (Dean J. Sallah of counsel), for appellant.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the mother appeals from an order of the Family Court, Suffolk County (Kathy G. Bergmann, J.), dated February 7, 2018. The order denied the mother's objections to an order of the same court (Melissa J. Willmott, S.M.), dated November 27, 2017, which, after a hearing, denied her petition, inter alia, for an upward modification of the father's child support obligation.
ORDERED that the order dated February 7, 2018, is modified, on the law and the facts, by deleting the provision thereof denying the mother's objection to so much of the order dated November 27, 2017, as denied that branch of her petition which was for an upward modification of the father's child support obligation, and substituting therefor a provision granting the mother's objection; as so modified, the order dated February 7, 2018, is affirmed, without costs or disbursements, and the matter is remitted to the Family Court, Suffolk County, for a new determination of the father's child support obligation in accordance herewith.
The mother sought, inter alia, an upward modification of the father's child support obligation in light of an alleged substantial increase in his salary and his failure to care for the children in accordance with the terms of the parties' stipulation of settlement, which was incorporated but not merged into the parties' judgment of divorce. Following a hearing, during which the Support Magistrate declined to accept the mother's proffer of evidence on the issue of whether the stipulation should also be modified so as to allow her to claim both of the parties' children as dependents on her tax returns, the Support Magistrate concluded, inter alia, that the mother had failed to submit the requisite financial documentation to establish a prima facie case, and denied her petition. The mother filed objections to the order. The Family Court denied the objections, and the mother appeals.
"Section 451 of the Family Court Act allows a court to modify an order of child support, without requiring a party to allege or demonstrate a substantial change in circumstances, where either party's gross income has changed by 15% or more since the order was entered or modified'" (Matter of Thomas v Fosmire, 138 AD3d 1007, 1007, quoting Matter of Zibell v Zibell, 112 AD3d 1101, 1102). Moreover, section 424-a of the Family Court Act mandates the compulsory disclosure by both parties to a support proceeding of "their respective financial states," through the provision of tax returns, pay stubs, and sworn statements of net worth. As the mother correctly contends, the Support Magistrate informed her, prior to the hearing, that the court did, in fact, have a copy of her pay stubs and most recent federal tax return. To the extent that the mother did not provide updated pay stubs on the date of the hearing, and that the tax return submitted was not a [*2]signed copy, these issues were not brought to the mother's attention prior to the issuance of the Support Magistrate's order. Based on this record, along with the hearing evidence that the father's salary did, in fact, increase by more than 15% since the parties entered into their stipulation of settlement (see Family Ct Act § 451; Matter of Thomas v Fosmire, 138 AD3d at 1007), we remit the matter to the Family Court, Suffolk County, to afford the mother an opportunity to provide the relevant financial documents to the court, and for a new determination of the father's child support obligation upon the mother's submission of the required financial disclosure (see Family Ct Act § 424-a; Matter of Dailey v Govan, 136 AD3d 1029, 1031; Matter of Malcolm v Trupiano, 94 AD3d 1380, 1381).
However, we agree with the Family Court's denial of the mother's objection to so much of the Support Magistrate's order as denied that branch of the mother's petition which was to modify the provision of the parties' stipulation of settlement regarding the claiming of the parties' children as dependents for income tax purposes. A stipulation of settlement which is incorporated but not merged into a judgment of divorce is a contract, the terms of which are binding on the parties, and subject to the principles of contract interpretation (see O'Brien v O'Brien, 115 AD3d 720, 723; Matter of Moss v Moss, 91 AD3d 783; Hyland v Hyland, 63 AD3d 1106, 1107). In interpreting a marital contract, a court should construe it in accordance with its plain and ordinary meaning so as to "give fair meaning to all of the language employed by the parties to reach a practical interpretation of the expressions of the parties so that their reasonable expectations will be realized" (Hyland v Hyland, 63 AD3d at 1107 [internal quotation marks omitted]). Here, the subject provision contained no language permitting for its modification based on a party's adherence to his or her agreed-upon schedule of parental access. Since the parties failed to include a provision for such a modification, to so interpret the stipulation would be to imply a term which the parties themselves failed to insert (see O'Brien v O'Brien, 115 AD3d at 723). Accordingly, we agree with the Family Court's denial of the mother's objection to this portion of the Support Magistrate's order (see Schonfeld v Saucedo, 159 AD3d 756, 759; Hyland v Hyland, 63 AD3d at 1108).
MASTRO, J.P., COHEN, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court