Goldstein v Goldstein (2018 NY Slip Op 07703)





Goldstein v Goldstein


2018 NY Slip Op 07703


Decided on November 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
SANDRA L. SGROI
HECTOR D. LASALLE, JJ.


2015-10668
2016-13488
 (Index No. 5242/99)

[*1]Miriam Goldstein, appellant-respondent, 
v
Edwin J. Goldstein, respondent-appellant.


Law Offices of Barry J. Fisher, P.C., Garden City, NY (Barry J. Fisher and Cheryl L. Jakinovich of counsel), for appellant-respondent.
Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP, Lake Success, NY (Daniel H. Smith of counsel), for respondent-appellant.



DECISION & ORDER
In a matrimonial action, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Sharon M.J. Gianelli, J.), dated April 22, 2015, and (2) an order of the same court dated October 31, 2016, and the defendant cross-appeals from the order dated October 31, 2016. The order dated April 22, 2015, insofar as appealed from, denied that branch of the plaintiff's cross motion which was for leave to file a sur-reply to the defendant's motion, inter alia, to terminate his child support obligation. The order dated October 31, 2016, insofar as appealed from, granted that branch of the defendant's motion which was to terminate his child support obligation and denied that branch of the plaintiff's cross motion which was to hold the defendant in contempt. The order dated October 31, 2016, insofar as cross-appealed from, denied that branch of the defendant's motion which was for recoupment of child support paid during the pendency of the motion.
ORDERED that the order dated April 22, 2015, is affirmed insofar as appealed from, without costs or disbursements; and it is further,
ORDERED that the order dated October 31, 2016, is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
The plaintiff and the defendant are formerly-married parents of four adult children. In 1999, the parties entered into a stipulation of settlement (hereinafter the 1999 stipulation), which was incorporated but not merged into a judgment of divorce entered in 2000, providing that the plaintiff was to have primary residential custody of the parties' children and that the defendant would pay child support in amounts set forth therein. The 1999 stipulation also provided that the defendant's support obligation would terminate upon the emancipation of the parties' last unemancipated child. The 1999 stipulation defined emancipation, inter alia, as "permanent residence of a child away from the [m]other for a period of more than three consecutive months."
On October 1, 2014, the defendant moved, inter alia, to terminate his child support obligation. The defendant contended that the parties' last unemancipated child, Dina, had permanently relocated away from the plaintiff's residence as of June 30, 2014, when she moved to his residence, and that Dina's relocation constituted an emancipation event as defined by the 1999 stipulation. The plaintiff opposed the defendant's motion, and cross-moved, inter alia, to hold the [*2]defendant in contempt based upon, inter alia, the defendant's application of a certain $5,000 yearly child support credit provided for in a 2007 modification agreement. The plaintiff also separately cross-moved, inter alia, for leave to file a sur-reply to the defendant's motion.
By order dated April 22, 2015, the Supreme Court, inter alia, denied that branch of the plaintiff's cross motion which was for leave to file a sur-reply to the defendant's motion, inter alia, to terminate his child support obligation. Thereafter, by order dated October 31, 2016, the court found that Dina's change in residence to the defendant's residence was sufficient to constitute an emancipation event as defined by the parties' 1999 stipulation, terminated the defendant's child support obligation as of October 7, 2014, and denied that branch of the plaintiff's cross motion which was to hold the defendant in contempt.
We agree with the Supreme Court's determination to terminate the defendant's child support obligation. " A separation agreement or stipulation of settlement which is incorporated but not merged into a judgment of divorce is a contract, the terms of which are binding on the parties'" (Matter of McCarthy v McCarthy, 129 AD3d 970, 971, quoting Matter of Moss v Moss, 91 AD3d 783, 783). "In interpreting a marital contract, a court should construe it in such a way as to give fair meaning to all of the language employed by the parties to reach a practical interpretation of the expressions of the parties so that their reasonable expectations will be realized" (Khorshad v Khorshad, 121 AD3d 857, 858 [internal quotation marks omitted]; accord Matter of McCarthy v McCarthy, 129 AD3d at 971; see Matter of McMahon-Rohan v Rohan, 113 AD3d 771, 771; Matter of Moss v Moss, 91 AD3d at 784). "It is well settled that the burden is upon the party claiming that a child has been emancipated to prove emancipation" (Henry v Henry, 272 AD2d 520, 521; see Sanders v Sanders, 150 AD3d 781, 784; Matter of Moss v Moss, 91 AD3d at 784).
Here, the defendant satisfied his burden of demonstrating that Dina became emancipated pursuant to the 1999 stipulation as of October 1, 2014, three months after she ceased to permanently reside with the plaintiff. In support of his motion, the defendant averred that Dina, age 18 as of May 15, 2014, had permanently relocated to the defendant's home as of June 30, 2014, and that she returned to his home, and not the plaintiff's, on each school break and holiday. Dina also submitted an affidavit in support of the defendant's motion in which she averred that she "made the decision to permanently reside" with the defendant as of June 30, 2014, that she has not spent overnights at the plaintiff's house since that date, and that, although she began college in late August 2014, she considers the defendant's house her home "and intend[s] to return there during school breaks and holidays." This evidence is sufficient to qualify as a permanent change in residence away from the plaintiff as contemplated by the 1999 stipulation. Thus, the defendant was properly relieved of his obligation to pay child support to the plaintiff as of the date of Dina's emancipation forward (see Lacy v Lacy, 114 AD3d 500, 500; Bodzak v Bodzak, 48 AD3d 724, 726; Matter of Stern v Stern, 40 AD3d 1108, 1109; Cunningham v Cunningham, 169 AD2d 451; cf. Sanders v Sanders, 150 AD3d 781).
We agree with the Supreme Court's denial of that branch of the plaintiff's cross motion which was to hold the defendant in contempt based upon the defendant's application of the $5,000 credit against his child support obligation. The parties' 2007 modification agreement entitles the defendant to a "dollar-for-dollar credit, to be deducted from his child support obligation, for funds he pays for the children's room and board (housing and meal plan), with an annual cap of $5,000 per year." According a fair meaning to the language of the 2007 modification agreement and a practical interpretation of the expressions of the parties (see Khorshad v Khorshad, 121 AD3d 857), the plaintiff failed to establish that the defendant improperly applied this credit during the years that the parties' three youngest children attended college.
The Supreme Court providently exercised its discretion in denying that branch of the plaintiff's cross motion which was for leave to file a sur-reply to the defendant's motion, inter alia, to terminate his child support obligation (see U.S. Bank Trust, N.A. v Rudick, 156 AD3d 841, 842).
We agree with the Supreme Court's denial of that branch of the defendant's motion which was to recoup $7,846.12 in basic child support paid to the plaintiff during the pendency of that motion and prior to the interim order suspending his child support obligations. There is a strong public policy in this State, which the Child Support Standards Act did not alter, against restitution [*3]or recoupment of the overpayment of child support (see Johnson v Chapin, 12 NY3d 461, 466; People ex rel. Breitstein v Aaronson, 3 AD3d 588, 589; accord Matter of McGovern v McGovern, 148 AD3d 900, 902). There is no basis to conclude that any exception to the policy against recoupment of overpayment of child support should be made in this case (cf. Weidner v Weidner, 136 AD3d 1425; Matter of Zengling Shi v Shenglin Lu, 110 AD3d 729, 730; People ex rel. Breitstein v Aaronson, 3 AD3d at 589).
The plaintiff's remaining contentions are without merit.
SCHEINKMAN, P.J., BALKIN, SGROI and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court