Smith v Smith (2019 NY Slip Op 09051)





Smith v Smith


2019 NY Slip Op 09051


Decided on December 18, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 18, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2018-14274 
2018-15042
 (Index No. 402/12)

[*1]Denise Smith, appellant,
v
Robert Smith, respondent.


Christine K. Wienberg, New City, NY, for appellant.
Bloom & Bloom, P.C., New Windsor, NY (Peter E. Bloom of counsel), for respondent.



DECISION & ORDER
In a matrimonial action, the plaintiff appeals from (1) an order of the Supreme Court, Orange County (Lori Currier Woods, J.), dated August 6, 2018, and (2) an order of the same court dated October 11, 2018. The order dated August 6, 2018, insofar as appealed from, granted that branch of the defendant's cross motion which was to dismiss the plaintiff's motion to hold the defendant in civil contempt for his failure to comply with certain provisions of the parties' stipulation of settlement and judgment of divorce. The order dated October 11, 2018, denied the plaintiff's application to sign an order to show cause.
ORDERED that the order dated August 6, 2018, is reversed insofar as appealed from, on the law, without costs or disbursements, that branch of the defendant's cross motion which was to dismiss the plaintiff's motion is denied, and all further proceedings on that motion are stayed pending mediation; and it is further,
ORDERED that the appeal from the order dated October 11, 2018, is dismissed, without costs or disbursements, on the ground that no appeal lies from the denial of an application to sign an order to show cause (see Khanal v Sheldon, 74 AD3d 894; Matter of Astoria Gas Turbine Power, LLC v Tax Comm. of City of N.Y., 14 AD3d 553, affd 7 NY3d 451).
The parties to this matrimonial action entered into a stipulation of settlement which was incorporated but not merged into their judgment of divorce dated June 25, 2012. The stipulation of settlement included a provision requiring the parties to mediate future disputes.
On May 2, 2018, the plaintiff moved to hold the defendant in civil contempt for his failure to comply with his support obligations pursuant to the parties' stipulation of settlement and judgment of divorce. The defendant cross-moved, inter alia, to dismiss the plaintiff's motion on the ground that the plaintiff did not submit her claim to mediation before seeking judicial intervention. The Supreme Court, inter alia, granted that branch of the defendant's cross motion, and the plaintiff appeals.
"A matrimonial settlement is a contract subject to principles of contract interpretation" (Edwards v Poumentis, 307 AD2d 1051, 1052). Here, the parties' stipulation of settlement contained an unambiguous mediation clause requiring the parties to resolve their dispute through mediation. Accordingly, we agree with the Supreme Court's conclusion that the parties were required to attend mediation (see Edwards v Poulmentis, 307 AD2d at 1052; MG v EG, 9 Misc 3d 1122[A], 2005 NY Slip Op 51731[U] [Sup Ct, Nassau County]). However, as the defendant concedes, the court should not have dismissed the plaintiff's motion, but rather should have stayed all further proceedings on that motion pending mediation.
DILLON, J.P., COHEN, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court