Van de Walle v Van de Walle (2021 NY Slip Op 07574)





Van de Walle v Van de Walle


2021 NY Slip Op 07574


Decided on December 29, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 29, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SYLVIA O. HINDS-RADIX, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LARA J. GENOVESI, JJ.


2020-07552 
2020-08045
2020-08662
2020-09254
 (Index No. 614060/18)

[*1]Sandra Van de Walle, et al., respondents,
v
Naheed Asad Van de Walle, etc., appellant.


Ganfer Shore Leeds & Zauderer LLP, New York, NY (Mark C. Zauderer, Ira Brad Matetsky, and Jason T. Cohen of counsel), for appellant.
Jaspan Schlesinger LLP, Garden City, NY (Jessica M. Baquet and Samantha M. Guido of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to impose a constructive trust and to recover damages for breach of contract, the defendant, individually and as executor of the estate of Charles Van de Walle, appeals from (1) an order of the Supreme Court, Nassau County (Antonio I. Brandveen, J.), dated September 11, 2020, (2) an order of the same court dated October 5, 2020, (3) an order of the same court dated October 23, 2020, and (4) a judgment of the same court entered November 30, 2020. The order dated September 11, 2020, insofar as appealed from, granted those branches of the plaintiffs' motion which were for summary judgment on the issue of liability on the first, second, fourth, and fifth causes of action and denied the defendant's cross motion for summary judgment dismissing the complaint. The order dated October 5, 2020, granted the plaintiffs' motion to strike the errata sheet to the transcript of the defendant's deposition. The order dated October 23, 2020, granted the plaintiff's motion for injunctive relief to the extent of temporarily enjoining and restraining the defendant from, inter alia, selling and transferring certain assets comprising the gross estate of the estate of Charles Van de Walle. The judgment, upon the order dated September 11, 2020, and upon a stipulation on the issue of damages dated November 18, 2020, is in favor of the plaintiffs Carla Van de Walle, Alexa Van de Walle, and James Van de Walle and against the defendant, awarding damages.
ORDERED that the appeals from the orders are dismissed; and it is further,
ORDERED that the judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiffs.
The appeals from the orders must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in this action (see Matter of Aho, 39 NY2d 241).
This action involves a stipulation of settlement entered into between the plaintiff [*2]Sandra Van de Walle (hereinafter Sandra) and Charles Van de Walle (hereinafter the decedent) in November 1984, in an action for divorce. In resolution of their financial affairs and obligations to one another, the stipulation of settlement provided, inter alia, that the decedent agreed "to make a will that will provide for half or 50 percent of [his] gross estate to be bequeathed in equal shares" to the plaintiffs Carla Van de Walle, Alexa Van de Walle, and James Van de Walle (hereinafter collectively the children). In January 1985, after the decedent and Sandra divorced, the decedent married the defendant, to whom he was married for approximately 33 years.
When the decedent died in September 2018, a 2002 will was filed and admitted to probate. An Inventory of Assets was filed with the Nassau County Surrogate's Court, which included certain real property in Oyster Bay (hereinafter the Oyster Bay property). The decedent owned the Oyster Bay property at the time he entered into the stipulation of settlement with Sandra. However, in 1992, he transferred the Oyster Bay property from himself, as transferor, to himself and the defendant, as tenants by the entirety, for no consideration. Also listed among the decedent's assets were the decedent's individual retirement accounts, on which the defendant had been designated as the beneficiary during the decedent's lifetime (hereinafter the retirement accounts).
In October 2018, Sandra and the children commenced this action against the defendant, individually and as executor of the decedent's estate. The amended complaint asserted causes of action, inter alia, to impose a constructive trust against, among other things, the Oyster Bay property and the retirement accounts (first cause of action), and alleging breach of contract (second cause of action) and violations of Debtor and Creditor Law former §§ 273, 276, and 278 for making fraudulent conveyances (fourth and fifth causes of action). The defendant joined issue, asserting various affirmative defenses, including that the action was barred by the statute of limitations, and that the Oyster Bay property and the retirement accounts are non-estate assets and will pass to her as a matter of law.
Following discovery, the plaintiffs moved for summary judgment on the complaint on the issue of liability and dismissing the defendant's affirmative defenses. The defendant opposed the motion and cross-moved for summary judgment dismissing the complaint. The plaintiffs opposed the defendant's cross motion. In further support of her cross motion, the defendant submitted an errata sheet dated July 1, 2020, which purported to clarify portions of her deposition testimony. The plaintiffs moved to strike the defendant's errata sheet, and the defendant opposed that motion. Subsequently, the plaintiffs moved pursuant to CPLR 5229 to enjoin and restrain the defendant from, inter alia, selling or transferring any assets of the decedent's gross estate. The defendant opposed that motion.
In an order dated September 11, 2020, the Supreme Court, inter alia, granted those branches of the plaintiffs' motion which were for summary judgment on the issue of liability on the first, second, fourth, and fifth causes of action and denied the defendant's cross motion for summary judgment dismissing the complaint. In an order dated October 5, 2020, the court granted the plaintiffs' motion to strike the defendant's errata sheet. In an order dated October 23, 2020, the court granted the plaintiff's motion for injunctive relief to the extent of temporarily enjoining and restraining the defendant from, inter alia, selling and transferring, among other things, the Oyster Bay property and proceeds from the retirement accounts. The parties entered into a stipulation as to damages on November 18, 2020. A judgment awarding damages in favor of the children and against the defendant was entered November 30, 2020. The defendant appeals.
"A separation agreement or stipulation of settlement which is incorporated but not merged into a judgment of divorce is a contract, the terms of which are binding on the parties" (Iannuzzo v Iannuzzo, 154 AD3d 923, 924 [internal quotation marks omitted]) and are subject to the principles of contract interpretation (see Matthews v Roe, 193 AD3d 919; Battinelli v Battinelli, 192 AD3d 957). Agreements are construed in accordance with the parties' intent, and the best evidence of intent is the written instrument (see Greenfield v Philles Records, 98 NY2d 562; Matthews v Roe, 193 AD3d at 919).
"An agreement to make a testamentary provision is an enforceable contract provided [*3]it is supported by valid consideration" (Gutman v Gutman, 31 AD3d 709, 709). While "[a] court should not, under the guise of contract interpretation, imply a term which the parties themselves failed to insert or otherwise rewrite the contract" (O'Brien v O'Brien, 115 AD3d 720, 723 [internal quotation marks omitted]), in the context of contracts to make bequests, "a prohibition against lifetime transfers of property made in bad faith or with the intent to defeat the purpose of an agreement to make a testamentary disposition is always inferred" (Matter of Shvachko, 2016 NY Slip Op 31941[U], *6 [Sur Ct, New York County], citing Rastetter v Hoenninger, 214 NY 66).
The Supreme Court properly granted that branch of the plaintiffs' motion which was for summary judgment on the issue of liability on the constructive trust and breach of contract causes of action, which, contrary to the defendant's contentions, were timely asserted (see Morris v Gianelli, 71 AD3d 965, 967). The plaintiffs established, prima facie, that the Oyster Bay property and the retirement accounts were part of the decedent's "gross estate." The decedent's inter vivos transfer of the Oyster Bay property to a tenancy by the entirety and his designation of the defendant as beneficiary of the retirement accounts defeated the purpose of the stipulation of settlement, thus warranting the imposition of a constructive trust and an award of summary judgment on the issue of liability for breach of contract (see Simonds v Simonds, 45 NY2d 233; cf. Blackmon v Estate of Battcock, 78 NY2d 735). In opposition, the defendant failed to raise a triable issue of fact.
The Supreme Court also properly awarded the plaintiffs summary judgment on the issue of liability on the fraudulent conveyance causes of action. As to the fraudulent conveyance cause of action under Debtor and Creditor Law former § 276, "[i]n determining whether a conveyance was fraudulent, a court must 'consider badges of fraud[,] which are circumstances that accompany fraudulent transfers so commonly that their presence gives rise to an inference of intent'" (Goldenberg v Friedman, 191 AD3d 641, 643, quoting Pen Pak Corp. v LaSalle Natl. Bank of Chicago, 240 AD2d 384, 386 [internal quotation marks omitted]). Here, the court correctly determined that the plaintiffs established, prima facie, several badges of fraud surrounding the creation of the tenancy by the entirety and the designation of the defendant as beneficiary of the retirement accounts (see Apple Bank for Sav. v Contaratos, 204 AD2d 375, 376).
Moreover, the Supreme Court correctly concluded that the plaintiffs established their prima facie entitlement to judgment as a matter of law on the issue of liability on the fraudulent conveyance cause of action under Debtor and Creditor Law former § 273. The "law is clear that a decedent, who is the owner of property up to the time of his death, as far as creditors are concerned, cannot cut off the creditors' rights by his death and nontestamentary transfer" (Matter of Chaikowsky, 94 Misc 2d 70, 71 [Sur Ct, New York County], citing Matter of Granwell, 20 NY2d 91, 95). Here, it is undisputed that, up until his death, the decedent retained control of the beneficiary designation on the retirement accounts. Further, the plaintiffs established, prima facie, that the decedent's estate was rendered insolvent, including by the conveyance of the interest in the retirement accounts to the defendant upon the decedent's death, and that, as a result, "the gratuitous conveyance became fraudulent" as to the children (Matter of Granwell, 20 NY2d at 97 [internal quotation marks omitted]). In opposition, the defendant failed to raise a triable issue of fact.
The defendant's remaining contentions are either without merit or not properly before this Court.
Accordingly, we affirm the judgment.
HINDS-RADIX, J.P., DUFFY, CONNOLLY and GENOVESI, JJ., concur.

2020-07552 DECISION & ORDER ON MOTION
2020-08045
2020-08662
2020-09254
Sandra Van de Walle, et al., respondents,
v Naheed Asad Van de Walle, etc., appellant.
(Index No. 614060/18)

Motion by the respondents to strike stated portions of both the appellant's brief and reply brief on appeals from three orders of the Supreme Court, Nassau County, dated September 11, 2020, October 5, 2020, and October 23, 2020, respectively, and a judgment of the same court entered November 30, 2020, on the ground, among others, that they improperly raise arguments for the first time on appeal. By decision and order on motion of this Court dated August 4, 2021, the motion was held in abeyance and referred to the Justices hearing the appeals for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeals, it is
ORDERED that the respondents' motion to strike stated portions of the appellant's brief and reply brief is granted to the extent that the following portions of the appellant's brief and reply brief are stricken and have not been considered in the determination of the appeal: (1) with respect to the appellant's brief: (a) the last paragraph beginning on page 35 and ending on page 36; (b) the second full paragraph on page 36; (c) Point II.E.; and (2) with respect to the appellant's reply brief: (a) the last paragraph beginning on page 4 and ending on page 5; (b) footnote 5; (c) the last paragraph beginning on page 15 and so much of that paragraph that continues onto page 16 and ends with the words "but she did not"; (d) so much of the second sentence of the first full paragraph on page 21 as states that "because Naheed testified almost three decades after the fact that she did not recall learning of it at the time it was recorded"; and (e) Point III.D; and the motion is otherwise denied.
HINDS-RADIX, J.P., DUFFY, CONNOLLY and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court