■ ANDRZEJ SMIGIELSKI, Appellant, v TEACHERS INSURANCE AND ANNUITY ASSOCIATION OF AMERICA et al., Respondents. (And a Third-Party Action.) [29 NYS3d 272]—

Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered October 16, 2014, which denied plaintiff's motion for partial summary judgment on his Labor Law § 240 (1) cause of action, unanimously affirmed, without costs.

The fact that plaintiff may have been the sole witness to his accident does not preclude summary judgment in his favor (*see Verdon v Port Auth. of N.Y. & N.J.*, 111 AD3d 580, 581 [1st Dept 2013]; *Perrone v Tishman Speyer Props., L.P.*, 13 AD3d 146, 147 [1st Dept 2004]). However, where a plaintiff is the sole witness to an accident, an issue of fact may exist where he or she provides inconsistent accounts of the accident (*see Goreczny v 16 Ct. St. Owner LLC*, 110 AD3d 465, 466 [1st Dept 2013]), his or her account of the accident is contradicted by other evidence (*id.*), or his or her credibility is otherwise called into question with regard to the accident (*see Vargas v City of New York*, 59 AD3d 261 [1st Dept 2009]).

Here, plaintiff testified that he sustained injuries when the platform of a scaffold, on which he was standing to cut a hole in the ceiling, collapsed. However, the testimony of defendant Eclipse Development Inc.'s senior project manager that plaintiff's employer did not do any ceiling work or use scaffolds and no scaffolds were present in the area where plaintiff was allegedly working at the time of the accident, raises triable issues as to whether the accident occurred as plaintiff claimed. Concur—Friedman, J.P., Andrias, Saxe and Richter, JJ.