In an action to foreclose several mortgages, the defendant Samuel Rudick appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Santorelli, J.), dated July 13, 2015, as granted the plaintiffs motion, in effect, for leave to file a surreply.
 

 Ordered that the order is affirmed insofar as appealed from, with costs.
 

 The plaintiff commenced this action to foreclose several mortgages. The defendant Samuel Rudick (hereinafter the defendant) moved pursuant to CPLR 3211 (a) (1) and (5) to dismiss the complaint insofar as asserted against him. With respect to that branch of the motion which was to dismiss pursuant to CPLR 3211 (a) (5), the defendant argued that the statute of limitations had expired due to the acceleration of the mortgage loans when an earlier foreclosure action was commenced in June 2008. The plaintiff opposed the motion to dismiss, arguing that the action was timely commenced under the six-month savings provision of CPLR 205 (a). The defendant submitted a reply memorandum of law, arguing that pursuant to Court of Appeals precedent, the six-month savings provision of CPLR 205 (a) was unavailable to the plaintiff. The plaintiff subsequently served a surreply affirmation, which was rejected by the defendant as unauthorized and improper.
 

 Thereafter, the plaintiff moved, in effect, for leave to file another surreply based on the existence of a forbearance agreement which, it argued, reset the running of the statute of limitations pursuant to General Obligations Law § 17-105. The defendant opposed the motion. In the order appealed from, the Supreme Court granted the plaintiffs motion and gave the defendant an opportunity to respond to the plaintiff’s submissions.
 

 While unauthorized surreplies containing new arguments generally should not be considered, the Supreme Court has the authority to regulate the motion practice before it, as well as the discretion to determine whether to accept late papers or even surreply papers for “good cause” (CPLR 2214 [c]; see Gluck v New York City Tr. Auth., 118 AD3d 667, 668 [2014]). Here, the Supreme Court did not improvidently exercise its discretion in determining that it would consider the supplemental evidence sought to be submitted by the plaintiff. The plaintiff proferred a valid excuse, the delay was minimal, and there was no prejudice as the court also determined that it would give the defendant a full opportunity to respond to, and submit further evidence addressing, the plaintiff’s submissions (see Emigrant Mtge. Co., Inc. v Lifshitz, 143 AD3d 755, 756 [2016]; Gluck v New York City Tr. Auth., 118 AD3d at 668; Valure v Century 21 Grand, 35 AD3d 591, 592 [2006]).
 

 Leventhal, J.P., Austin, Cohen and Brathwaite Nelson, JJ., concur.