Indian Harbor Ins. Co. v Alma Tower, LLC (2018 NY Slip Op 07064)





Indian Harbor Ins. Co. v Alma Tower, LLC


2018 NY Slip Op 07064


Decided on October 23, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 23, 2018

Sweeny, J.P., Gische, Tom, Mazzarelli, Kern, JJ.


7433 159286/14

[*1]Indian Harbor Insurance Company, Plaintiff-Appellant,
v
Alma Tower, LLC, et al., Defendants-Respondents, Cristobal Tomala-Campoverde, Defendant.


Kaufman Dolowich Voluck, LLP, Woodbury (Eric B. Stern of counsel), for appellant.
Rivkin Radler LLP, Uniondale (Frank A. Valverde of counsel), for respondents.



Order, Supreme Court, New York County (Manuel J. Mendez, J.), entered August 10, 2017, which granted defendants Alma Tower, LLC and Vordonia Contracting & Supplies Corp.'s motion for summary judgment, inter alia, declaring that plaintiff is obligated to defend them in the underlying personal injury action, and denied plaintiff's cross motion for a stay pending resolution of an action seeking rescission of the subject insurance contract, unanimously affirmed, without costs.
Defendants Alma Tower and Vordonia demonstrated that plaintiff had actual knowledge of facts establishing a reasonable possibility of coverage and is therefore obligated to defend them in the underlying personal injury action (see Fitzpatrick v American Honda Motor Co., 78 NY2d 61, 67 [1991]). Shortly after the underlying action was commenced, asserting claims of common-law negligence and Labor Law violations against Alma Tower and Vordonia in connection with injuries sustained by the injured party while he was working on the property for subcontractor S & S HVAC Corp., Alma Tower and Vordonia commenced third-party actions against S & S alleging negligence and seeking indemnification and contribution. Alma Tower and Vordonia also wrote to plaintiff seeking coverage pursuant to the insurer's duty to defend. Thus, plaintiff had actual knowledge that S & S may have proximately caused the underlying injury and that therefore Alma Tower and Vordonia may be vicariously liable to the injured party.
Because there is a reasonable possibility that S & S proximately caused the injury, neither Burlington Ins. Co. v NYC Tr. Auth. (29 NY3d 313 [2017]) nor Hanover Ins. Co. v Philadelphia Indem. Ins. Co. (159 AD3d 587 [1st Dept 2018]) is applicable here.
As the underlying personal injury action was filed when the insurance policy was in effect, and plaintiff has a duty to defend, plaintiff is legally obligated at this time to pay Alma Tower and Vordonia's defense costs in the underlying action. Once a policy goes into effect and a claim has been made, the status quo is changed, and a defense of recession may not be asserted until there is a judicial determination. The trial court properly denied a stay while plaintiff awaits a judicial determination in the separate recession action (see Federal Ins. Co. v Kozlowski, 18 AD3d 33, 39-40 [1st Dept 2005]; Kiss Constr. NY, Inc. v Rutgers Cas. Ins. Co., 61 AD3d 412, 414-415 [1st Dept 2009]).
Supreme Court providently exercised its discretion in considering the sur-reply letters submitted by Alma Tower and Vordonia (see CPLR 2214[c]; U.S. Bank Trust, N.A. v Rudick, 156 AD3d 841, 842 [2d Dept 2017]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 23, 2018
CLERK