Singh v New York City Hous. Auth. (2022 NY Slip Op 07015)

Singh v New York City Hous. Auth.

2022 NY Slip Op 07015

Decided on December 08, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 08, 2022

Before: Kern, J.P., Gesmer, Kennedy, Scarpulla, Rodriguez, JJ. 

Index No. 301319/16 Appeal No. 16843 Case No. 2021-04601 

[*1]Nishan Singh, Plaintiff-Appellant,
v
New York City Housing Authority et al., Defendants-Respondents, AAA Windows & Door Corporation et al., Defendants. [And a Third-Party Action]

Subin Associates, LLP, New York (Denise A. Rubin of counsel), for appellant.
Newman Myers Kreines Harris, P.C., New York (Matthew D. Lavoie of counsel), for New York City Housing Authority, respondent.
Raven & Kolbe, LLP, New York (Michael T. Gleason of counsel), for LIRO Program and Construction Management, P.C., respondent.
Gorton & Gorton, LLP, Garden City (John T. Gorton of counsel), for Superstars Contracting Inc., respondent.

Order, Supreme Court, Bronx County (Elizabeth A. Taylor, J.), entered on or about October 20, 2021, which denied plaintiff's motion for summary judgment on the issue of liability on his Labor Law §§ 240(1) and 241(6) claims, unanimously affirmed, without costs.
The motion court correctly concluded that triable issues of fact precluded granting plaintiff summary judgment on the issue of liability on his Labor Law claims. Plaintiff testified that he was ascending an unsecured ladder to the top of a sidewalk bridge when the ladder slipped from underneath him, causing him to strike his face against the sidewalk bridge and fall to the ground. Plaintiff also testified that his foreman, who directed him to climb the ladder, witnessed the accident and immediately assisted him. The foreman, in an affidavit, denied that the events as described by plaintiff transpired. The conflicting evidence raised questions of fact as to whether the accident occurred, and whether defendants may be held liable under Labor Law § 240(1) or Labor Law § 246(1) insofar as predicated on applicable Industrial Code provisions (see Ellerbe v Port Auth. of N.Y. & N.J., 91 AD3d 441, 442 [1st Dept 2012]). Contrary to plaintiff's contention, the foreman's affidavit did not constitute denials of personal knowledge of the facts so as to render them insufficient to rebut plaintiff's prima facie showing (cf. Marrero v 2075 Holding Co. LLC, 106 AD3d 408, 409 [1st Dept 2013]).
Plaintiff's contention that determinations by the Workers' Compensation Board collaterally estopped defendants from arguing that the accident did not occur is improperly raised for the first time on appeal (see Sandiford v City of New York Dept. of Educ., 94 AD3d 593, 595 [1st Dept 2012], affd 22 NY3d 914 [2013]).
We have considered plaintiff's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 8, 2022