Berger v New York City Tr. Auth. (2024 NY Slip Op 05881)

Berger v New York City Tr. Auth.

2024 NY Slip Op 05881

Decided on November 26, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 26, 2024

Before: Renwick, P.J., Moulton, Friedman, Kapnick, Kennedy, JJ. 

Index No. 157005/18 Appeal No. 3116 Case No. 2023-04917 

[*1]Elizabeth Berger, Plaintiff-Appellant,
v
New York City Transit Authority, et al., Defendants-Respondents.

Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for appellant.
Armienti, DeBellis & Rhoden, LLP, New York (Christopher Grimaldi of counsel), for respondents.

Order, Supreme Court, New York County (Denise M. Dominguez, J.), entered on or about September 7, 2023, which denied plaintiff's motion for partial summary judgment, unanimously affirmed, without costs.
Plaintiff sustained injuries when she became pinned between the doors of a subway car, which closed on her as she attempted to disembark the train. Even if plaintiff made a prima facie showing of entitlement to judgment as a matter of law on her negligence claim, defendants raised issues of fact which precluded the granting of summary judgment (see Smigielski v Teachers Ins. & Annuity Assn. of Am., 137 AD3d 676 [1st Dept 2016]). For instance, while plaintiff stated in her affidavit and her deposition that the doors closed on her less than three seconds after they opened, her 50-h hearing testimony indicated that the doors had been open for five minutes before the accident.
Additionally, defendants submitted an expert affidavit concluding that the accident could not have occurred as plaintiff described because, by design, the train car doors would have automatically reopened after making contact with her. Although plaintiff's expert stated that this automatic feature could be modified, this merely raised an issue of fact for the jury (see Lucas v New York City Tr. Auth., 163 AD2d 21, 22 [1st Dept 1990], lv denied 77 NY2d 807 [1991]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 26, 2024