Gkoumas v Lewis Constr. & Architectural Mill Work (2024 NY Slip Op 06654)

Gkoumas v Lewis Constr. & Architectural Mill Work

2024 NY Slip Op 06654

Decided on December 31, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 31, 2024

Before: Webber, J.P., Moulton, Friedman, Mendez, Shulman, JJ. 

Index No. 152119/16, 595488/17 Appeal No. 3337 Case No. 2023-05777 

[*1]Lampros Gkoumas, Respondent,
v
Lewis Construction and Architectural Mill Work, et al., Appellants, Jordana P. Fribourg et al., Defendants.
Lewis Construction and Architectural Mill Work, et al., Third-Party Plaintiffs-Appellants,
v
Four Star Air Conditioning Co., LLC, Third-Party Defendant-Appellant.

Brody Law Group, New York (Jedidiah M. Burnstein of counsel), for Lewis Construction and Architectural Mill Work and Lewis Construction NYC, Inc., appellants.
Law Office of Kevin P. Westerman, Elmsford (Richard W. Ashnault of counsel), for Four Star Air Conditioning Co., LLC, appellant.
Bisogno & Meyerson, LLP, Brooklyn (Elizabeth Mark Meyerson of counsel), for respondent.

Order, Supreme Court, New York County (Lori S. Sattler, J.), entered October 18, 2023, which granted plaintiff's motion for summary judgment on the issue of liability on his Labor Law § 240 (1) claim as against defendants/third-party plaintiffs Lewis Construction and Architectural Mill Work and Lewis Construction NYC, Inc., unanimously reversed, on the law, without costs, and the motion denied.
Plaintiff failed to establish his prima facie entitlement to summary judgment on his Labor Law § 240(1) claim. In support of his motion, plaintiff submitted the transcript of his deposition testimony that his accident occurred when his ladder shifted, causing him to fall to the ground. However, he also submitted the transcript of his supervisor's deposition testimony that plaintiff called right after his accident, said that he cut his hand because his tool slipped, but did not say that he had fallen from a ladder. By submitting this testimony in support of his motion, plaintiff effectively adopted it as accurate (see Rosa v 47 E. 34th St. [NY], L.P., 208 AD3d 1075, 1079 [1st Dept 2022]; Pirozzo v Laight St. Fee Owner LLC, 209 AD3d 596, 597 [1st Dept 2022]). Plaintiff thus called into question his own credibility regarding the manner in which his accident occurred (see Rroku v West Rac Contr. Corp., 164 AD3d 1176, 1177 [1st Dept 2018]; Smigielski v Teachers Ins. & Annuity Assn. of Am., 137 AD3d 676, 676 [1st Dept 2016]; Simpertegui v Carlyle House Inc., 227 AD3d 486, 486 [1st Dept 2024]). Accordingly, the motion should have been denied without regard to the sufficiency of the opposition papers (see Pullman v Silverman, 28 NY3d 1060, 1063 [2016]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 31, 2024