**Murillo v Redcom CM, Inc.**

2025 NY Slip Op 31251(U)

April 10, 2025

Supreme Court, New York County

Docket Number: Index No. 155668/2021

Judge: Leslie A. Stroth

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | |
|---|---|---|
| PRESENT: | HON. LESLIE A. STROTH | PART | 12M |
| | *Justice* | | |

------------------------------------------------------------X

ADALBERTO MURILLO,

Plaintiff,

- v -

REDCOM CM, INC.,677 ELEVENTH AVENUE REALTY, LLC., BRAM AUTOMOTIVE MANAGEMENT CORP., BAY RIDGE AUTOMOTIVE MANAGEMENT CORP.

Defendant.

------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 155668/2021 |
| MOTION DATE | N/A |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57

were read on this motion to/for          JUDGMENT - SUMMARY          .

Plaintiff commenced the instant labor law action for injuries allegedly sustained on September 13, 2019 during his employment with non-party subcontractor Glenco Contracting Group Inc. According to the Statement of Material Facts, plaintiff provides the following (Nyscef doc 35, ¶27-28):

> While tied off to the ceiling strap and attached with his chain belt at an elevation of about six feet to the left wall form, both DOKAS forms separated/came off the concrete wall of the elevator shaft; Plaintiff fell with the wall forms towards the left and down to the safety (platform) and landed on top of it...

> Murillo testified that the 10-foot yo-yo that was hooked to his harness and attached to the hanging ceiling strap, did not prevent stop from falling off the elevator shaft wall over the six-foot elevation differential down to the safety because the yo-yo was big, and the form was big. So when I fell down, it came forward and the form came to the side and on top of me with me...

Plaintiff claims that his gravity-related injuries resulted from defendants' failure to provide him with proper protection when he fell approximately six feet. Plaintiff now moves

155668/2021   MURILLO, ADALBERTO vs. REDCOM CM, INC. ET AL
Motion No.  001

Page 1 of 5

[* 1]

here for summary judgment on Labor Law §240(1) against defendants Redcom CM, Inc., the construction manager, and 677 Eleventh Avenue Realty, LLC, the owner. Labor Law §240(1) states that "[a]ll contractors and owners and their agents…in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed."

The statute imposes absolute liability upon owners, contractors, and their agents where a breach of this statutory duty proximately causes an injury (*Gordon v Eastern Railway Supply, Inc.*, 82 N.Y.2d 555 (1993)). "The purpose of this statute is to protect workers and to impose the responsibility for safety practices on those best situated to bear that responsibility" (*Ross v Curtis–Palmer Hydro–Elec. Co.,* 81 N.Y.2d 494 (1993)).

The Court is denying plaintiff's motion for summary judgment as it finds that issues of fact exists as to whether plaintiff's injuries were gravity-related, since plaintiff failed to establish, for example, that "the unsecured scaffold platform was a proximate cause of his injuries" (*Ramirez v. Pace Univ.*, 230 A.D.3d 811 (2nd Dept 2024)). "The extraordinary protections of Labor Law §240(1) extend only to a narrow class of special hazards, and do not encompass any and all perils that may be connected in some tangential way with the effects of gravity" (*Parrino v. Rauert*, 208 A.D.3d 672 (2nd Dept 2022)). "[A] fall from a scaffold or ladder, in and of itself, [does not] result[ ] in an award of damages to the injured party under section 240(1) (*Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 N.Y.3d 280 [2003]).

"Rather, liability under section 240(1) depends upon the injury having resulted from the failure to use, or the inadequacy of . . . a device within the purview of the statute" (*Albino v. 221-*

**155668/2021  MURILLO, ADALBERTO vs. REDCOM CM, INC. ET AL**
**Motion No. 001**

**Page 2 of 5**

2 of 5

*223 W. 82 Owners Corp.*, 142 A.D.3d 799 (1ˢᵗ Dept 2016)). "Where an injury results from a separate hazard wholly unrelated to the risk which brought about the need for the safety device in the first instance, no section 240(1) liability exists" (*Nieves v. Five Boro Air Conditioning & Refrigeration Corp.*, 93 N.Y.2d 914 (1999)).

"The fact that plaintiff may have been the sole witness to his accident does not preclude summary judgment in his favor. However, where a plaintiff is the sole witness to an accident, an issue of fact may exist where he or she provides inconsistent accounts of the accident, his or her account of the accident is contradicted by other evidence, or his or her credibility is otherwise called into question with regard to the accident" (*Smigielski v. Tchrs. Ins. & Annuity Ass'n of Am.*, 137 A.D.3d 676 (1ˢᵗ Dept 2016)).

The Employer's Report for Work-Related Injury, Workers Compensation Board C—2 form, filled out on the date of date of the accident, September 13, 2019, provided that plaintiff was "running on scaffold with a concrete form" and that he "tripped over rebar fell on floor" (Exh 50). This Court is unconvinced by plaintiff's argument that such statement should be rejected as inadmissible hearsay since it was through an unidentified Spanish to English interpreter. "[I]n opposing a motion for summary judgment, hearsay evidence may be utilized as long as it is not the only evidence submitted" (*Guzman v. L.M.P. Realty Corp.*, 262 A.D.2d 99 (1ˢᵗ Dept 1999)).

Plaintiff provided in support of his motion the Redcom Incident Report stating that "Employee was walking over a rebar Dowel-out inside shaft west of elevator pit. His foot got stuck between the rebar and fell backwards and landed on his left shoulder" (Exh 10). The Redcom report was completed by Vish Onra, the project superintendent on the date of the accident "in the regular course of business and was based on the account provided to him by the

**155668/2021   MURILLO, ADALBERTO vs. REDCOM CM, INC. ET AL**
**Motion No. 001**

**Page 3 of 5**

3 of 5

[* 3]

injured plaintiff" (*Petrocelli v. Tishman Const. Co.*, 19 A.D.3d 145 (1st Dept 2005)). Plaintiff also submitted the Glenco Accident Investigation Report indicating that plaintiff "tripped over rebar" and "no witnesses" (see also *Robinson v. Goldman Sachs Headquarters, LLC*, 95 A.D.3d 1096 (2nd Dept 2012)).

Additionally, although plaintiff argues that he testified in his deposition that his foreman Jose spoke directly to doctors at the hospital, according to the "Hospital Chart Entries" filed by plaintiff, "38yoM w/ no stated pmhx presenting after ground level fall at work. Patient states he was walking and tripped over a piece of wood. Fell to ground with immediate pain to his back and his left shoulder..." (Exh 9, p 2). There is no indication of any individual or translator speaking on behalf of plaintiff. Such also creates an issue of fact as to whether plaintiff or the foreman stated he tripped over the piece of wood. Plaintiff alleged both back and left shoulder pain in his verified bill of particulars (Exh 2). "The statement is clearly relevant to the diagnosis and treatment of plaintiff's injuries and therefore admissible as part of a hospital record" (*Eitner v. 119 W. 71st St. Owners Corp.*, 253 A.D.2d 641 (1st Dept 1998)).

Further, the photographs in support of plaintiff's motion of the accident location fail to show any gravity-related objects, such as a harness, 10-foot yo-yo, or Doka wall forms. "[D]iffering statements attributed to plaintiff in his medical record as to how the accident occurred, together with other evidence in the record, raise an issue of fact as to the cause of plaintiff's accident sufficient to preclude summary judgment" (*Vargas v. Con Edison Co. of New York, Inc.*, 224 A.D.3d 581 (1st Dept 2024)). In consideration of the foregoing, the papers submitted, and the parties' arguments during oral argument on November 26, 2024, plaintiff's motion for summary on Labor Law §240(1) is denied.

**155668/2021  MURILLO, ADALBERTO vs. REDCOM CM, INC. ET AL**
**Motion No.  001**

**Page 4 of 5**

4 of 5

Accordingly, it is hereby

ORDERED, that plaintiff's motion for summary judgment on Labor Law §240(1) is denied.

The foregoing constitutes the decision and order of the Court.

| 4/10/2025 | | | | | | |
|---|---|---|---|---|---|---|
| **DATE** | | | | | LESLIE A. STROTH, J.S.C. | |
| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
| | | GRANTED | X DENIED | | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

155668/2021  MURILLO, ADALBERTO vs. REDCOM CM, INC. ET AL
Motion No. 001

Page 5 of 5

5 of 5