Moore v Skanska USA Bldg., Inc. (2025 NY Slip Op 02272)

Moore v Skanska USA Bldg., Inc.

2025 NY Slip Op 02272

Decided on April 17, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 17, 2025

Before: Manzanet-Daniels, J.P., Kennedy, Kapnick, Scarpulla, Higgitt, JJ. 

Index No. 150360/20|Appeal No. 4135|Case No. 2024-02472|

[*1]Joseph Moore, Plaintiff-Appellant,
v
Skanska USA Building, Inc., et al., Defendants-Respondents, J.M. Boto, Inc., Defendant.

Jason Levine, New York, for appellant.
Fabiani Cohen & Hall, LLP, New York (Kevin B. Pollak of counsel), for respondents.

Order, Supreme Court, New York County (Leslie A. Stroth, J.), entered April 9, 2024, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for summary judgment on the Labor Law § 240(1) claim, unanimously affirmed, without costs.
Plaintiff established his entitlement to summary judgment on his Labor Law § 240(1) cause of action. Plaintiff testified that he was caused to fall when the ladder upon which was he was standing slipped out from under him (see Tuzzolino v Consolidated Edison Co. of N.Y., 160 AD3d 568, 568 [1st Dept 2018]).
In opposition, defendants raised triable issues of fact regarding plaintiff's version of events (see McCue v Cablevision Sys. Corp., 160 AD3d 595, 595 [1st Dept 2018]; Vega v Renaissance 632 Broadway, LLC, 103 AD3d 883, 885 [2d Dept 2013]). Specifically, defendants raised issues of fact by submitting affidavits from Nelson's managers, who denied plaintiff's testimony that he was directed by one of them to fix the damper on an air conditioning unit on a rush basis. Should the jury find that plaintiff was directed to fix the damper, the fact that plaintiff was working outside his normal scope of work as an assistant project manager is of no moment and not fatal to plaintiff's Labor Law claim (see Joblon v Solow, 91 NY3d 457, 465 [1998] [Labor Law § 240(1) applied where employer directed "house electrician" plaintiff to perform alteration work which resulted in the plaintiff's injury, and "[d]efendants' assertions that [the plaintiff's] job title, job description and normal duties involved only routine maintenance are irrelevant to our determination. It is not important how the parties generally characterize the injured worker's role but rather what type of work the plaintiff was performing at the time of injury"]). The managers also asserted that it was not physically possible for the accident to have occurred as described by plaintiff. Such conflicting accounts present issues of credibility that are for a jury to resolve (see e.g. Ramos v Rojas, 37 AD3d 291, 291 [1st Dept 2007]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 17, 2025