**Hualpa v Porven Real Estate, Inc**

2025 NY Slip Op 31666(U)

May 7, 2025

Supreme Court, New York County

Docket Number: Index No. 152866/2019

Judge: David B. Cohen

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. DAVID B. COHEN** PART 58

*Justice*

-------------------------------------------------------------------X

ANGEL HUALPA, ROSA HUALPA,

Plaintiffs,

- v -

PORVEN REAL ESTATE, INC,

Defendant.

-------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 152866/2019 |
| MOTION DATE | 08/28/2024 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 85, 86, 87, 88, 89, 90, 91, 92

were read on this motion to/for                JUDGMENT - SUMMARY                .

In this Labor Law personal injury action, plaintiffs move for partial summary judgment

on their Labor Law 240(1), 241(6), and 200 claims. Defendant/third-party plaintiff Povern Real

Estate, Inc. (Povern) cross-moves for summary judgment seeking indemnification against third-

party defendant Pal Environmental Services, Inc., a/k/a Pal Environmental Safety Corp.,

d/b/a Pal Environmental Services (Pal).

## I.        PERTINENT BACKGROUND

Plaintiffs assert claims against Povern for negligence, violations of the Labor Law,

and loss of consortium. Plaintiffs allege plaintiff Angel Hualpa ("Mr. Hualpa" or "Angel") was

hired to do construction work on its building located at 204 Fifth Avenue, New York, New York,

and was injured during his work there on March 8, 2019.

Mr. Hualpa testified at his deposition that he was employed by Pal, and supervised by

Pal's supervisor, Jose Barrientos. When Angel arrived at the building the morning of his

152866/2019   HUALPA, ANGEL vs. PORVEN REAL ESTATE, INC
Motion No.  002

Page 1 of 9

[* 1]

accident, Barrientos instructed him as to his specific job. Angel put on gloves, a mask, goggles and a hard hat for the work.

When Angel got to the premises' basement, a portion of the ceiling had already been removed by others; the ceiling was made of cement and meshed to chicken wire, which had to be cut. Above the ceiling were pipes made of asbestos. Angel hit the ceiling with a hammer, then used a crowbar to pry off pieces, then used wire cutters to cut the wire. He removed the ceiling along with three coworkers, including Raul Copara, and they used a scaffold that was about 5-6 feet high.

After his lunch break, Angel did not use the scaffold because Barrientos directed him to remove the ceiling in another part of the basement. At that location, the only thing holding up the ceiling was the chicken wire. A six-foot A-frame ladder was used instead of a scaffold because the space was too small.

Angel was working with Copara, who was 10 feet away at the time of the incident. While on the ladder, Angel used a hammer to break up the ceiling, while standing on a ladder that was closed and leaning against a wall. A pipe fell from the ceiling, hitting Angel's head while he was on the fourth rung of the ladder, and he fell down while attached to the ladder. Angel asserts that once he got up, he reported the incident to Barrientos and told him that he had fallen from the ladder and his shoulder hurt. He continued to work that day and did not seek medical treatment until the following day (NYSCEF Doc. Nos. 61-62).

Barrientos testified on behalf of Pal, and stated that he was the supervisor of the subject Project. He instructed Angel and the other workers on their work on the day of the incident, and they were all working together in an area of the basement, with Copara and Angel working approximately five feet apart. According to Barrientos, he learned from two Pal workers on the

**152866/2019 HUALPA, ANGEL vs. PORVEN REAL ESTATE, INC** **Page 2 of 9**
Motion No. 002

2 of 9

[* 2]

accident date that Copara, not Angel, had been hit by a falling ceiling pipe, and that later that day, Copara told him that as well. Barrientos prepared an incident report that recounted that Copara had been injured. He was never told and was unaware that anything had happened to Angel. When Barrientos asked Angel about the incident and whether Angel was all right or had been hurt, Angel told him he was unharmed and that there was "nothing wrong" with him. He first heard of Angel's alleged injury when he learned of the instant lawsuit (NYSCEF Doc. No. 63).

Chuck Amorelli testified on behalf of Povern, and confirmed that Povern was the owner of the building and hired Pal for the purpose of removing asbestos from the building, including the basement (NYSCEF Doc. No. 64).

Plaintiff's expert, Anthony Corrado, submits an affidavit in which he indicates that he examined the pertinent evidence and concludes that the removal of the asbestos was done without any apparent engineering survey or plan to prevent unplanned collapses or falling objects, despite it being required in the Invitation for Bid documents, and, moreover, the sprinkler system was not independently supported.

Corrado opines that Povern violated section 240(1) of the Labor Law by failing to provide adequate protection against falling objects for workers at an elevation, that Angel was working on an improperly positioned ladder without additional safety measures, that safer alternatives were not used, and that there was no evidence of proper ladder training or adequate supervisory oversight.

Moreover, Coarrado opines that Povern violated section 241(6) of Labor Law by failing (1) to install protective measures such as debris netting or catch platforms; (2) to secure overhead fixtures, including the pipe that struck Angel; (3) to delegate a competent person to conduct

**152866/2019  HUALPA, ANGEL vs. PORVEN REAL ESTATE, INC**
 Motion No.  002

**Page 3 of 9**

3 of 9

[* 3]

ongoing inspections as work progressed; (4) to detect and address hazards posed by the sprinkler system, and (5) to halt work from continuing in areas where hazards occurred (NYSCEF Doc. No. 65).

In 2019, Copara filed his own lawsuit against Porven, in which he alleges that on March 8, 2019, he was injured at the building (index no. 153329/19; NYSCEF 1). In that action, the incident report prepared by Barrientos was submitted, and it reflects that Copara was injured on March 8, 2019 when a pipe fell from the ceiling onto him, and that Angel and two other Pal workers were able to evacuate the area "without incident" (NYSCEF 21).

Copara submitted his own incident report, translated into English by Barrientos, which reflects that a pipe fell on him and his coworkers went to get him help. Copara also recounts that Barrientos called an ambulance for him and he went to the hospital (*id.*, NYSCEF 21).

## II.    PLAINTIFFS' MOTION

### A.    Contentions

Plaintiffs move for summary judgment against Povern as the owner of the building where Angel was injured, contending that Povern is liable under sections 200, 240(1) and 241(6) of the Labor Law, and that it violated sections 23-1.7(a)(1) and 23-3.3(c) of the New York Code of Rules and Regulations (NYCRR) (Industrial Code). Plaintiffs argue that the evidence demonstrates that there are no issues of fact precluding the granting of summary judgment regarding the Labor Law violations.

With respect to section 200 of Labor Law, plaintiffs contend that Povern had constructive notice of an unsecured sprinkler system, and that the failure to secure the system, in violation of the Building Code, led to the collapse of the pipe and the accident, thereby violating section 200.

Povern argues that there is an issue of fact as to whether Angel was actually involved in any accident. Povern relies on Barrientos' testimony that he was unaware of the accident involving Angel until later, and that when he drafted the accident report, he mentioned Copara but not Angel. He also testified that when he did speak to Angel, Angel said that he was unharmed and that nothing happened to him. Based on this evidence, Povern argues that it is not conclusive that Angel was involved in any accident.

With respect to section 240(1) of Labor Law, Povern contends that there is no conclusive proof that the pipe was improperly secured. Povern observes that Angel was wearing appropriate safety equipment for this work, including goggles and a hard hat, and that Povern did not supply the ladder but in any event, the accident was not due to the absence or malfunction of a hoisting device or ladder. Povern also contends that the fact that Angel was four steps up on the ladder raises an issue as to whether a significant elevational difference existed.

With respect to section 241(6) of the Labor Law, Povern argues that plaintiffs have not proven that the Industrial Code sections were violated and that said violations were the proximate cause of the accident. As to section 200 of the Labor Law, Povern argues that the accident did not arise from any dangerous physical condition of the property, but by the means and methods of Angel's work, which included hammering and peeling. Povern claims that it was Pal that was primarily responsible for the work at the time of the incident. According to Povern, Pal authorized the work and instructed Angel; and Pal, not Povern, provided the labor, equipment and tools for the work. Thus, Povern contends that Pal controlled the means of its workers and is liable for any violations (NYSCEF Doc. No. 76).

In reply to Povern, plaintiffs argue that they submitted a statement of facts which

152866/2019   HUALPA, ANGEL vs. PORVEN REAL ESTATE, INC          Page 5 of 9
  Motion No.  002

5 of 9

[* 5]

contained the details of the events leading up to Angel's accident, and that Povern failed to submit a response to the statement, thereby accepting plaintiffs' proposed facts. Plaintiffs contend that Barrientos's testimony is insufficient to raise an issue as to whether Angel was involved in the accident, since he only stated that he was unaware if Angel was involved in the accident. They contend that they are entitled to summary judgment because there was no bracing or other device that offered Angel proper protection from the falling pipe and because the ladder was not positioned to give him proper protection.

Plaintiffs claim to have offered proof that the pipe was not adequately supported, and they deny that the height differential involving Angel's position on the ladder was de minimus. Plaintiffs also argue that Povern failed to respond to Corrado's expert affidavit, which contains detailed observations of the condition of the premises (NYSCEF Doc. No. 83).

Pal also opposes, maintaining that summary judgment should not be granted on the ground that it is not conclusively proven that Angel was involved in the accident. Pal responded to plaintiffs' statement of facts by referring to Barrientos's testimony.

In reply to Pal, plaintiffs rely on the same arguments they raised against Povern, that Barrientos's testimony is insufficient to raise an issue concerning Angel's involvement in the accident (NYSCEF Doc. No. 89).

### B.      Analysis

"It is axiomatic that summary judgment is a drastic remedy and should not be granted where there is any doubt as to the existence of factual issues" (*Birnbaum v Hyman,* 43 AD3d 374, 375 [1st Dept 2007]). "The substantive law governing a case dictates what facts are material, and '[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment'" (*People v Grasso,* 50

**152866/2019   HUALPA, ANGEL vs. PORVEN REAL ESTATE, INC**      **Page 6 of 9**
  Motion No.  002

6 of 9

AD3d 535, 545 [1st Dept 2008]). "To prevail on a summary judgment motion, the moving party must provide evidentiary proof in admissible form sufficient to warrant the direction of summary judgment in his or her favor" (*Kershaw v Hospital for Special Services,* 114 AD3d 75, 81 [1st Dept 2013]). "Once this burden is met, the burden shifts to the opposing party to submit proof in admissible form sufficient to create a question of fact requiring a trial" (*Id.* at 82).

The only evidence that plaintiff was injured in the accident at issue is plaintiff's own testimony; there is no evidence that any witness saw the pipe fall on plaintiff, rather than on Copara. "Where a plaintiff is the sole witness to an accident, an issue of fact may exist where he or she provides inconsistent accounts of the accident, his or her account is contradicted by other evidence, or his or her credibility is otherwise called into question with regard to the accident" (*Smigielski v Teachers Ins. and Annuity Assn. of Am.*, 137 AD3d 676 [1st Dept 2016]).

Here, even assuming that plaintiffs established a prima facie violation of the Labor Law, Barrientos's testimony that only Copara and not Angel was injured by the falling pipe is buttressed by Copara's own lawsuit and his evidence against Porven, including the incident reports prepared by Barrientos and Copara. The court is authorized to take judicial notice of e-filed court records in other cases (57 NY Jur 2d, Evidence and Witnesses 43 [2025]).

Moreover, Barrientos testified that Angel told him that he was unharmed and nothing was wrong with him when asked about the incident, which constitutes an admission against interest (*Matter of Newman*, 231 AD3d 12 [1st Dept 2024] [admission by party is admissible against party as evidence of matter asserted in admission, whether or not party's statement was against his or her interest when statement was made]).

Barrientos's version of his conversation with Angel also conflicts with Angel's version, and the two cannot be reconciled (*see Gkoumas v Lewis Constr. and Architectural Mill Work,*

**152866/2019   HUALPA, ANGEL vs. PORVEN REAL ESTATE, INC**                                        **Page 7 of 9**
  **Motion No.  002**

[* 7]                                                            7 of 9

233 AD3d 609, 609 [1st Dept 2024] [plaintiff submitted transcript of supervisor's deposition testimony, which contained different version of accident than plaintiff's accident, and thus plaintiff, by submitting transcript in support of his motion, "effectively adopted it as accurate," and called into question his own credibility as to how accident occurred.] [citations omitted]; *Hernandez v 46-24 28th St., LLC*, 214 AD3d 451 [1st Dept 2023] [as foreman denied that events occurred as described by plaintiff, conflicting evidence raised question of fact]). Barrientos's version is further supported by the fact that the only incident report prepared of the accident relates to Copara and that only Copara went to the hospital by ambulance from the premises.

While not dispositive as to whether Angel's accident occurred, the overall testimony and evidence is sufficient to raise a triable issue as to Angel's credibility and account of the accident that cannot be resolved on summary judgment (*Moore v Skanska USA Bldg., Inc.*, __AD3d __ , 2025 NY Slip Op 02272 [1st Dept 2025] [defendants raised triable issues regarding plaintiff's version of events, and conflicting accounts presented issues of credibility for jury to resolve]; *Simpertegui v Carlyle House Inc.*, 227 AD3d 486 [1st Dept 2024] [defendants raised triable issue by identifying various inconsistencies in plaintiff's account of accident, calling into question his credibility and circumstances underlying claimed injuries]; *Alvarez v 2455 8 Ave, LLC*, 202 AD3d 724 [2d Dept 2022] [triable issue created through plaintiff's supervisor's affidavit, which called in question plaintiff's credibility as to how incident occurred]).

There is no merit to plaintiffs' argument that Povern's failure to submit a counter-statement of material facts requires that all the facts asserted in plaintiffs' statement to be true, as the court has discretion to pardon the failure to submit a counter-statement (22 NYCRR 202.8-g[e]; *Taveras v Inc. Vill. of Freeport*, 225 AD3d 822 [2d Dept 2024] [defendants' failure to

**152866/2019  HUALPA, ANGEL vs. PORVEN REAL ESTATE, INC**                    **Page 8 of 9**
  Motion No.  002

8 of 9

submit counterstatement did not compel court to deny motion]).  In any event, Pal submitted a counter-statement, which cited to Barrientos's testimony.

### III.      POVERN'S CROSS-MOTION

As there are triable issues as to whether Angel was injured at the premises, it is premature to address Povern's third-party indemnity claims.

Accordingly, it is

ORDERED that plaintiffs' motion for summary judgment is denied; and it is further

ORDERED that defendant/ third-party plaintiff Povern Real Estate Inc.'s cross motion is denied.

2025050712470230CDCOHEN76836479B23F43AFB49CEFD205729F61

| 5/7/2025 | | | | |
|---|---|---|---|---|
| **DATE** | | | **DAVID B. COHEN, J.S.C.** | |
| **CHECK ONE:** | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | | |
| | ☐ GRANTED | ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| **APPLICATION:** | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**152866/2019   HUALPA, ANGEL vs. PORVEN REAL ESTATE, INC**
**Motion No.  002**

**Page 9 of 9**

9 of 9