Fuczynski v 144 Div., LLC

2026 NY Slip Op 01942

April 1, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Antoni Fuczynski, appellant,

v

144 Division, LLC, respondent, et al., defendant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 1, 2026

2023-04222, (Index No. 509437/16)

Francesca E. Connolly, J.P.

Helen Voutsinas

Lillian Wan

Janice A. Taylor, JJ.

The Platta Law Firm, PLLC, New York, NY (Michael L. Taub of counsel), for appellant.

Ginsburg & Misk LLP, Queens Village, NY (Gerard N. Misk of counsel), for respondent.

[*1]

DECISION & ORDER

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Peter P. Sweeney, J.), dated February 24, 2023. The order denied those branches of the plaintiff's motion which were for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 240(1) and 241(6), and granted the motion of the defendant 144 Division, LLC, for leave to file supplemental opposition to those branches of the plaintiff's motion which were for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 240(1) and 241(6).

ORDERED that the order is affirmed, with costs.

The plaintiff allegedly was injured while performing construction work on a commercial renovation project at a building in Manhattan located at 38 Canal Street (hereinafter the premises), which was owned by the defendant 144 Division, LLC (hereinafter the defendant). The plaintiff commenced this personal injury action against, among others, the defendant, alleging violations of Labor Law §§ 200, 240(1), and 241(6), and negligent maintenance.

Approximately 10 months after the note of issue was filed, the plaintiff moved for leave to serve and file a late motion for summary judgment and, thereupon, for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 240(1) and 241(6). The defendant opposed the motion. In an order dated July 21, 2020, the Supreme Court denied the plaintiff's motion, determining that the plaintiff failed to establish the requisite good cause for filing a late motion for summary judgment. The plaintiff appealed. In a decision and order dated September 14, 2022, this Court reversed the order, granted that branch of the plaintiff's motion which was for leave to serve and file a late motion for summary judgment, and remitted the matter to the Supreme Court for a determination on the merits of those branches of the plaintiff's motion which were for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 240(1) and 241(6) (see Fuczynski v 144 Div., LLC, 208 AD3d 1153, 1155-1156).

Thereafter, in October 2022, the defendant moved for leave to file supplemental opposition to those branches of the plaintiff's motion which were for summary judgment on the issue [*2]of liability on the causes of action alleging violations of Labor Law §§ 240(1) and 241(6). The defendant contended that during the pendency of the appeal, the contractor it had hired to perform work at the premises at the time of the plaintiff's accident had been located. It thereafter disclosed the contractor as a potential witness at trial, and the plaintiff subpoenaed and deposed the contractor. The defendant requested that the Supreme Court consider the contractor's deposition testimony and the defendant's supplemental arguments based thereon. The plaintiff opposed the defendant's motion. In an order dated February 24, 2023, the court granted the defendant's motion and denied those branches of the plaintiff's motion. The plaintiff appeals.

"[T]he Supreme Court has the authority to regulate the motion practice before it, as well as the discretion to determine whether to accept late papers or even surreply papers for 'good cause'" (U.S. Bank Trust, N.A. v Rudick, 156 AD3d 841, 842, quoting CPLR 2214[c]; see Gluck v New York City Tr. Auth., 118 AD3d 667, 668). Under the circumstances presented here, "the Supreme Court did not improvidently exercise its discretion in determining that it would consider the supplemental evidence sought to be submitted by the [defendant]" (U.S. Bank Trust, N.A. v Rudick, 156 AD3d at 842). Notably, the delay was minimal, as the defendant moved for leave to file supplemental opposition approximately one month after this Court reversed the original denial of the plaintiff's motion. Additionally, since the plaintiff was given a full opportunity to respond to and submit further evidence addressing the defendant's supplemental opposition, the plaintiff was not prejudiced by the late submission (see id.; Emigrant Mtge. Co., Inc. v Lifshitz, 143 AD3d 755, 756; Gluck v New York City Tr. Auth., 118 AD3d at 668).

"'To prevail on a Labor Law § 240(1) cause of action, a plaintiff must prove that the defendant violated the statute and that such violation was a proximate cause of his or her injuries'" (Zokir v Teller Owner, LLC, 237 AD3d 1008, 1009, quoting Correa v 455 Ocean Assoc., LLC, 218 AD3d 435, 436). Similarly, "'[t]o sustain a cause of action pursuant to Labor Law § 241(6), a plaintiff must demonstrate that his or her injuries were proximately caused by a violation of an Industrial Code regulation that is applicable to the circumstances of the accident'" (Medina v 1277 Holdings, LLC, 234 AD3d 839, 842, quoting Yaucan v Hawthorne Vil., LLC, 155 AD3d 924, 926).

Here, at his deposition, the plaintiff testified that on March 7, 2016, he was employed by First Quality Group, Inc., and was working on a construction job at the premises that included framing, sheetrock, sound installation of the ceilings, and laying big marble slab flooring. On that date, his supervisor directed him to install sheetrock on a ceiling on the first floor of the premises. According to the plaintiff, while disconnecting a lighting fixture from the ceiling, he suffered an electric shock and fell from a six-foot tall Baker scaffold, which lacked guardrails, allegedly sustaining injuries. This testimony was sufficient to establish, prima facie, that violations of Labor Law §§ 240(1) and 241(6) were the proximate cause of the plaintiff's injuries (see Lopes v County of Suffolk, 236 AD3d 883, 884; Wittenberg v Long Is. Power Auth., 225 AD3d 730, 733).

However, in opposition, the defendant raised a triable issue of fact as to whether the plaintiff was ever employed at the premises during the relevant time period by submitting a transcript of the contractor's deposition testimony. At his deposition, the contractor testified that on March 7, 2016, his company, Innovative Solutions, Inc., was only engaged to perform tile work on the floor at the premises. The contractor was never associated with First Quality Group, Inc. While the contractor had previously been associated with an entity denominated Quality First Group, LLC, that entity was not engaged to perform work at the premises. The contractor further testified that he performed all the work at the premises by himself, that he worked alone on the date of the accident, that no one else was present at that time at the premises, and that no scaffold was present at the premises. The contractor's testimony contradicted the plaintiff's testimony and raised triable issues of fact as to whether the accident occurred and whether the defendant may be held liable under Labor Law §§ 240(1) and 241(6) (see Singh v New York City Hous. Auth., 211 AD3d 496; Smigielski v Teachers Ins. & Annuity Assn. of Am., 137 AD3d 676).

Accordingly, the Supreme Court properly denied those branches of the plaintiff's motion which were for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 240(1) and 241(6).

CONNOLLY, J.P., VOUTSINAS, WAN and TAYLOR, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court